GEO. A. HALL v. THE BOARD OF COMMISSIONERS OF GREENWOOD COUNTY.

1. TAXATION *of a Time Deposit of Money.* A time deposit of money for one year in a private bank is taxable to the depositor as a credit.

2. ———— *Taxation; Erroneous Judgment.* Where proceedings are had before the board of county commissioners, under § 70 of the tax laws of 1876 (Laws of 1876, pp. 75, 76), for the purpose of having determined the question whether certain property shall be assessed for taxation and placed on the tax-roll, and the question is determined in the affirmative, and the commissioners further determine and order that the costs of such proceedings shall also be placed upon the tax-roll for collection, and the district court on appeal confirms such order with reference to the said costs, *held*, error.

3. ———— *Erroneous Judgment, as to Taxes and Costs.* In such a case, where the county commissioners ordered that such property be placed

on the tax-roll, so that taxes might be collected thereon, and the district court on appeal rendered judgment confirming said order and for costs, and also rendered judgment against the owner of the property for $91.75, *held*, that such judgment for $91.75 is erroneous. .

### *Error from Greenwood District Court.*

AT the November Term, 1877, of the district court, the *Board of Comm'rs of the County of Greenwood*, as plaintiff, recovered a judgment against defendant *Hall*, who brings the case here on error. The opinion contains a sufficient statement of the facts.

*Z. Harlan*, for plaintiff in error.

*H. C. Rizer*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was a proceeding commenced by the Board of County Commissioners of Greenwood county against George A. Hall, under the provisions of § 70 of the tax laws of 1876 (Laws of 1876, pp. 75, 76), for the purpose of assessing and having placed on the tax-roll of said county a certain one-year time deposit of $2,000, made by the said Hall in the Eureka Bank, a private bank in said county, which deposit had not previously been assessed, and the said Hall had failed and refused to list the same or have it assessed. A hearing was had before the board of county commissioners on April 26, 1877, and the board found, ordered and adjudged, as follows:

"It is considered and adjudged by the said court, that the said G. A. Hall has omitted to list two thousand dollars ($2,000), credits on deposit in the Eureka Bank, on the 1st day of March, 1876; and it is further considered and adjudged, that the clerk of this board be ordered to place the said amount on the list of personal property of the said G. A. Hall, liable for taxation on the 1st day of March, 1876, together with all the costs that may occur by reason of the said G. A. Hall failing to list said property as required by law; and said amount of money on deposit, and all costs of this examination, taxed at $10.75, are ordered to be placed on the list of personal property in the office of the treasurer

of this county, who is hereby ordered to collect the taxes on the same, and all costs as furnished him by the clerk according to law."

From this finding and order of the board the said Hall appealed to the district court, where, on November 22, 1877, a second hearing and trial was had. At this trial, and upon the evidence introduced, the court made the following findings, to wit:

"That the said defendant, George A. Hall, had on deposit in the Eureka Bank, on March 1, 1876, the sum of two thousand ($2,000) dollars.

"That said deposit was a time deposit made for a period of one year.

"That said defendant refused to list said time deposit as of March 1, 1876.

"That said Eureka Bank is a private bank."

And thereupon the court rendered the following judgment, to wit:

"And now comes the said plaintiff by H. C. Rizer, county attorney, and W. C. Huffman, and said defendant by Z. Harlan, his attorney, and a jury being waived, and the above-named cause being submitted to the court, and the said court having heard the evidence and argument of counsel, and duly considered the same, the order and finding of the said board of county commissioners is hereby confirmed by the said court, and judgment is hereby rendered in favor of said plaintiff and against the said defendant for the sum of ninety-one and $\frac{75}{100}$ dollars and costs, herein taxed at $——."

Upon the foregoing facts, the following questions are raised:

1. Was said $2,000 time deposit taxable to said Hall?

2. Had the county commissioners the power to order that all the costs which accrued in the proceedings before them, should be placed on the tax-roll for collection against Hall?

3. Had the district court the power to render a personal judgment against Hall for said $91.75?

We must answer the first of these questions in the affirmative, and the other two in the negative.

I. In Kansas all property is taxable, except such as is ex-

pressly exempted from taxation, (Laws 1876, p. 53, § 1;) and the property in this case (said time deposit) is not exempted from taxation either expressly or by implication. The property in this case may properly be termed a credit. It would be so termed without the aid of any statute, but the statutes of this state also so term it, (Laws 1876, p. 54, § 2;) and as a credit it may be taxed, and taxed to Hall, the owner and creditor. (Laws 1876, pp. 56, 58, §§ 4, 10.) Credits are property, and as such may be taxed. The county commissioners therefore did not err in ordering that the amount of said time deposit should be placed upon the tax-roll, and that taxes should be collected thereon; and the district court did not err in confirming said order of the county commissioners.

II. But we think the county commissioners did err in ordering that the costs of the proceedings had before them should also be placed upon the tax-roll; and the district erred in confirming such order. There is no statute and no common law authorizing costs to be collected in any such manner.

III. We also think that the district court erred in rendering said judgment for $91.75. Besides this judgment and the judgment ordering the property to be placed on the tax-roll and taxed, the court also rendered a judgment for costs. Now we think that the judgment ordering the property to be placed upon the tax-roll and taxed, and the judgment for costs, are the only judgments that could properly be rendered in the case. The costs have not yet been taxed. We presume that they will be properly taxed. If said $91.75 are taxable costs, the same may be included in the costs; if not, then the same cannot be collected.

This cause will be remanded to the court below, with the order that the judgment of the court below be modified so as to correspond with this opinion. The costs of this court will be equally divided between the parties.

All the Justices concurring.