THE BOARD OF COMMISSIONERS OF LYON CO. V. ISAAC SERGEANT.

ASSESSMENT OF PERSONALTY, *Correction of; Statute Construed.* An order of the county commissioners, made under ¿ 70 of ch. 107 of the Comp. Laws of 1879, correcting the personal-property assessment of a party, though upon due notice and after examination and inquiry, is not so far judicial in its nature and conclusive as to prevent inquiry as to the real amount of the party's property subject to taxation, in an action brought to enjoin the collection of taxes levied upon such assessment.

### *Error from Lyon District Court..*

AT the March Term, 1880, of the district court, *Sergeant* had judgment against the *Board of Commissioners* of Lyon county, which brings the case here. The opinion states the facts.

*Sterry & Sedgwick,* for plaintiff in error.
*Almerin Gillett,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: But a single question is presented in this case, and that is, whether the proceedings of the board of commissioners had under § 70 of ch. 107, Comp. Laws of 1879, are so far judicial in their nature and conclusive upon the tax-payer that he cannot thereafter litigate, in an action of injunction to restrain the collection of the tax, the correctness of its determination as to the amount of his personal property subject to taxation. This question we have little hesitation in answering in the negative. The proceeding is simply one in the line of assessment. It is one to correct a false or fraudulent return. It is called in the statute an "investigation or examination," (§ 71,) and is nothing more than a proceeding to correct the assessment roll. Notice to the tax-payer is required, it is true, as a condition of valid action under this section. (*Comm'rs of Leavenworth Co. v. Lang,* 8 Kas. 284.) Witnesses may be subpenaed and ex-

amination and inquiry had, but after all, it is nothing but a proceeding in assessment of property. It is a duty similar to that cast in the first instance upon the assessor. (§ 61.) It may be discharged by either the county commissioners or the county clerk; and while witnesses may be called and examined, so may they be by the assessor. (§ 61.) In the case of *The Auditor v. A. T. & S. F. Rld. Co.* 6 Kas. 507, Chief Justice KINGMAN, speaking for the court, says: "The assessment of the property of the state, being then an incident to the taxing power, which is wholly legislative and not judicial, may well be ascertained by agents appointed under the law; but in no sense under our constitution can such agents be considered judicial officers. It is true, that their duties require of them judgment and discretion; but this is also true of most of the duties of ministerial and executive officers, but this does not make them judicial officers, nor constitute them courts, nor render their conclusions judicial acts." This was a case where the assessment made by the officers charged with this duty in the first instance, was deemed too low by the state authorities and an appeal was sought to be taken to this court under a statute expressly providing therefor. The order in question in this case is simply one correcting the assessment roll. As such it is not a conclusive judicial determination. It is true, as suggested by counsel, that several such orders have been reviewed in this court upon proceedings in error. (*Lappin v. Comm'rs of Nemaha Co.*, 6 Kas. 403; *Ross v. Comm'rs of Crawford Co.*, 16 Kas. 411; *Hall v. Comm'rs of Greenwood Co.*, 22 Kas. 37.) But this court considers, as a rule, only such questions as are presented by counsel, and in none of the three cases was any question presented as to the right to review the decisions below. Further, in the first and third cases cited the matter was taken on appeal to the district court, and the statute in terms provides that any person who shall be aggrieved by any decision of the board of commissioners may appeal to the district court. (Gen. Stat. 1868, p. 260, § 30; Comp. Laws 1879, p. 277, § 30.) But even if it were conceded that the

proceeding is so far judicial as to be the subject of review by proceedings in error, it would not follow that the decision was conclusive. The rulings on motion as a rule do not constitute *res adjudicatœ*. (*White-Crow v. White-Wing*, 3 Kas. 276; *Benz v. Hines*, 3 Kas. 390; *Watson v. Jackson*, ante, p. 442. The order on the trial of the right of property attached is also not conclusive. (*Sponenbarger v. Lemert*, 23 Kas. 55; *Graves v. Butcher*, ante, p. 291.) And surely these are judicial in their nature, fully as much as proceedings to correct an assessment of one's personal property.

We think the ruling of the district court upon this question correct; and no other matter being presented for our consideration, the judgment will be affirmed.

All the Justices concurring.