SAINT JOSEPH & DENVER CITY R. R. Co. v. ROBERT ORR.

|   |   |
|---|---|
| 8 | 419 |
| 40 | 601 |
| 8 | 419 |
| 42 | 100 |
| 8 | 419 |
| 47 | 193 |
| 8 | 419 |
| 55 | 665 |

1. CONDEMNATION PROCEEDINGS; *Appeal Bond.* Where there is an appeal from the county commissioners in condemnation proceedings for the right of way for a railroad, and the appeal bond was approved by the commissioners instead of the county clerk, the court properly permitted a new bond to be given by the appellant.

2. TITLE OF ACTION; *Practice.* It seems that such an appeal is properly entitled by making the appellant plaintiff and the railroad company defendant; but if incorrect, the error is not a cause for dismissal of the appeal. [Following *Gulf Railroad Co. v. Owen,* ante, p. 409.]

3. PLEADINGS—*Petition.* It is the better practice for the appellant to file a petition on taking his appeal; but an omission to do so cannot be taken advantage of by an objection to the introduction of testimony.

4. CHANGE OF VENUE; *Practice.* Where the district court refused an application for a change of venue, and a preponderance of the affidavits read on the hearing of the motion sustain the decision, the supreme court cannot say the district court abused its discretion.

5. EVIDENCE; *Report of Commissioners.* On an appeal from their deter.
mination the report of the commissioners in the condemnation pro-
ceedings is legal evidence for the appellant. [*Gulf Railroad Co. v.
Owen,* supra.]

6. DAMAGES; *Value of Land taken; Time, etc.* The inquiry as to the value
of the land and the damages thereto, was in this case properly directed
to the time when the commissioners filed their report. It was also
proper to show that the damage to the land was increased by reason
of the diagonal course of the railroad across the same; and it was
proper to show, too, the exact condition of ditches and embankments
made on the land appropriated in constructing the roadway, and the
injuries resulting therefrom to appellant's land.

7. —————— *No allowance to be made for Benefits to Land.* The railroad
company must pay for the right of way, irrespective of any benefit
from the proposed improvement of the company. Our constitution
conclusively settles this question.

8. EVIDENCE—*Charter—Irrelevancy.* The introduction of an act of incor-
poration of another company having no connection with the defendant,
is improper because it is irrelevant, if for no other reason.

9. —————— *Proof of Value.* Evidence of *an offer* made for land is inad-
missible to prove its value. Such testimony is easily manufactured.
It is warranted neither on principle nor on authority, and is too dan-
gerous to be tolerated.

### *Error from Nemaha District Court.*

THIS ACTION is very similar to the preceding case of *Gulf
Railroad Co. v. Owen.* Defendant in error appealed from the
decision of the board of commissioners of Nemaha county act-
ing as board of appraisers to condemn and appraise lands in
their county taken for the use of the *St. Joseph & Denver City
Railroad Co.* The route of said company's railroad run diago-
nally through three parcels of land belonging to *Orr,* and the
commissioners ascertained the quantity of *Orr's* land appro-
priated by the company to be nine and two-fifths acres, the
value of which they determined to be $112.80, refusing to
allow any damages beyond such value. The cause on appeal
was tried at the April Term, 1871. The facts of the case are
sufficiently stated in the opinion. The jury found for the
appellant, *Orr,* and assessed his damages at $800, for which

judgment was rendered. The Railroad Company bring the case here by petition in error.

*Lacock & Johnson*, for plaintiff in error.

*J. E. Taylor*, for defendant in error.

The opinion of the court was delivered by

KINGMAN, C. J.:   This was an appeal from the determination of the county commissioners of Nemaha county as to the value of certain lands of defendant in error attempted to be appropriated by plaintiff in error as a right of way for its railroad.   The errors alleged are numerous, and most of them of little importance, and they will be decided briefly in the order in which they are presented.   One observation may be made that should be borne in mind in the consideration of many of the objections urged to the proceedings, and which may be taken as a reason why we do not more particularly notice some of the points made by plaintiff in error; and that is this: The action of the commissioners in valuing the land and determining the damages thereto by the proposed right of way is at the instance of the Railroad Company, and is for its benefit. Without these proceedings the company obtain no rights. Having by means of these proceedings taken possession of the land, the company will not, on appeal of the land-owner, be heard in its objections that the proceedings were irregular and informal.   If the land-owner is willing to waive such irregularities, the Company, at whose instance and for whose benefit the proceedings were instituted, and under whose direction they have been conducted, and who is in the enjoyment of the beneficial results thereof, is estopped by its own action from asserting mere irregularities on appeal by the land-owner. With these remarks we proceed to notice the several points made.

I. The appeal bond was approved by the county commissioners.   The court held this insufficient and gave the appellant two days to file a new bond.   This was done, and under § 131, p. 802, Gen. Stat., was properly done.   Although the law is

obscure it is in our opinion the best construction that the county clerk is the proper officer to approve the bond. See *Gulf Railroad Co. v. Owen*, ante, p. 409.

II. The case on appeal was entitled "Robert Orr v. St. Joseph & Denver City Railroad Co.;" and plaintiff in error moved to dismiss on that ground. The court refused. We think the case was correctly entitled; but if not it was no cause for dismissal.

III. It is claimed that Orr should have filed a petition, or a bill of particulars. This seems the better practice, but no motion was made to compel him to do so; and the omission could not be raised on an objection to the evidence.

IV. A motion was made for a change of venue, supported by numerous affidavits. A much larger number of affidavits were filed by Orr controverting the facts stated in the motion. Under these circumstances we cannot say that the court abused its discretion in refusing to grant the motion.

V. The report of the commissioners was properly received in evidence to show what land was valued by the commissioners. The company designates to the commissioners what land it proposes to take, and there is no other evidence of that fact except their report, at least none so satisfactory as a record made by legally constituted officers acting at the instance and, so far as the land proposed to be taken is concerned, under the direction of plaintiff in error.

VI. The inquiry as to the value of the land and the damages thereto was directed to the time when the commissioners filed their report. It is insisted that it should have been ruled to the time when the land was really appropriated. So far as this case presents that question, the ruling of the court was correct. There may be questions of a constitutional character not raised in this case that would make the time of appropriating the land and filing the report two very different periods; but ordinarily the correct time to which to confine the valuation is the time of filing the commissioners' report. The appeal is from that decision, and on appeal the time without great change of circumstances remains the same. The land-owner may perhaps

be in a condition to insist upon the valuation being fixed at the time of appropriation, but the company by its own action have fixed the time and are not at liberty to change it at their pleasure. It was proper to show by testimony that the damage to the land is greater by taking a part one hundred feet in width diagonally through it, than it would be if the part taken was in such a place as to leave the land on either side of it bounded by lines forming right angles. The road having been built before the appeal was tried, it was proper to show by the testimony how high the embankments were built and the depth of the ditches dug on the land appropriated. These facts tended to prove the actual damages to appellant's land by the building of the road, and this was one of the injuries for which he was entitled to recover in this case. Had not the road been built the same facts would have been provable by the profile of the proposed road, or by any other attainable evidence. It was easier perhaps and quite as satisfactory to show the exact condition of the embankments and ditches as constructed, and the injuries resulting therefrom to appellant's land. For this purpose the evidence was admissible. It was not admissible to recover for specific damages done to the growing crops in a particular case, nor was any attempt made to so use it, as far as the record discloses.

VII. The plaintiff in error offered evidence to show that benefits accrued to the land of appellant by reason of building the road. The court refused to permit any evidence on that point to go to the jury, and correctly. Sec. 4 of art. 12 of the constitution is conclusive on this point.

VIII. Plaintiff in error offered to introduce in evidence the act of incorporation of the Marysville or Palmetto and Rossport Railroad Company by reading from a volume of public laws an act approved Feb. 17, 1857, and published by authority of law. This was properly excluded by the court. There is nothing in this record showing that the charter offered in evidence has any connection with the road of plaintiff in error, nor was there any offer to show that fact. Therefore the evidence, if it had been proper otherwise, was wholly irrelevant. The names

indicate that the railroads were not the same, and the provisions in the charter of one would have no bearing as to the liabilities of another.

IX. The appellant introduced as a witness Mr. Fitzwater who among other things testified that as agent of appellant he had had an offer for ten acres of said land. Whereupon appellant asked him the following question: "What was that offer?" The question was objected to and the objection overruled and the question was answered. It is not easy to define exactly what proof is admissible to enable the jury to ascertain the value of the land taken. There is some discrepancy in the rulings on this point, more apparent than real perhaps when the cases are carefully examined. In Massachusetts it is held that the land-owner may prove recent sales of other lands in the vicinity, similarly situated, and about the same time, subject however to be explained by any peculiar circumstance attending such sales. This evidence is admitted as tending to show a fact from which a jury may infer the value of the land taken: *Shattuck v. Stoneham Branch Rly.*, 6 Allen, 115; *Wyman v. Lexington & West Cambridge R. R.*, 13 Metc., 326. These rulings are certainly very liberal and give quite as much latitude in the introduction of testimony as is compatible with the law of evidence. We can find no case, nor can we recall any principle, that would permit the proof of *an offer* for property as tending to show its value. It is a kind of proof that is so easily manufactured that its admission would be too dangerous to be tolerated. For the error in admitting this testimony the case must be reversed and a new trial awarded.

On the trial plaintiff in error asked four instructions. The second and third were given, and the first and fourth were properly refused as they in substance directed the jury to deduct the benefits received by reason of the construction of the road from the value of the land and from the damages resulting thereto. Such a measure of damages is contrary to our laws. See § 4 of art. 12 of the constitution.

All the Justices concurring.