Comm'rs of Wabaunsee Co. v. Muhlenbacker.

COMM'RS OF WABAUNSEE CO. v. J. L. MUHLENBACKER.

1. LOCATING HIGHWAYS; *Proceedings Void, Unless Jurisdiction be First Obtained.* Where a board of county commissioners attempts to locate and open a road, as a public highway, and appropriate private property therefor, without complying with the requisite conditions precedent giving jurisdiction, such proceedings are absolutely void; and on petition in error of a person whose land is thus attempted to be taken without his consent, the district court of the proper county can vacate and set aside such final orders of the board, without any exception being taken thereto by the party complaining, where no appearance was made by the party before the county board in any of the proceedings had therein.

2. ———— *Qualifications of Householders.* Under section one of the act of 1874, page 164, relating to roads and highways, an application by petition to the board of county commissioners, signed by at least twelve householders, is a condition precedent to confer authority upon the board, under such law, to lay out, locate and open a road as a public highway; and while it is not absolutely necessary, in order to make the road valid, that the *petition itself* should show upon its face that all or any of the signers are householders of the county where the road is to be located, yet the record of the proceedings should *affirmatively* show this fact when directly attacked. In such a case a board of county commissioners is acting in a special and limited capacity, and its jurisdiction should affirmatively appear upon the record.

*Error from Wabaunsee District Court.*

IN August 1875 *Muhlenbacker* filed in the district court his petition in error, to reverse the orders made by the *Board of Commissioners of Wabaunsee Co.* in certain road proceedings. The district court, at the September Term 1875, reversed the orders complained of, and the board of commissioners bring the case here on error for review. The facts and proceedings sufficiently appear in the opinion.

*J. T. Keaggy,* for plaintiff in error.

*McClure & Humphrey,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The questions for consideration are, whether a district court, upon a petition in error, can vacate

the orders of a board of county commissioners in locating and opening a proposed public highway, when the record fails to show jurisdiction on the part of the board making the orders, where no exception was taken thereto by the party complaining, and no appearance was made by such party in any of the proceedings had before the commission-ers; and whether, in this case, upon the record, such want of jurisdiction sufficiently appears?

It has several times been held in this court, that any error apparent in the final judgment of a district court may be corrected by suit in error in this court, although no exception was taken by the party complaining, and no motion made to set aside the judgment.    Section 540, Gen. Stat. 1868, p. 735, gives the district court the same authority to re-verse, vacate, or modify, the final orders of any tribunal, board or officer exercising judicial func-

1. Locating high-ways; jurisdic-tion must be obtained.

tions, and inferior to said district court, as this court has over the proceedings of district courts, excepting that the words, "for errors appearing on the record," are not contained in § 540, and are included in the provisions of the code au-thorizing this court to review the judgments and orders of the district courts. But the omission of these words, al-though some of the decisions are based thereon, do not seem to us to affect the rule which we have adopted. The logical result of the reasoning contained in the case of *Koehler v. Ball*, 2 Kas. 160, tends to this conclusion. If the record shows the proceedings had by a board of county commission-ers were without authority of law, to simply note an excep-tion to a final order based thereon, would seem to be both unnecessary and valueless. If it be urged that the district court has no authority to set aside a final order of a board of commissioners, void on its face, as it is not in law technically an order nor a judgment, and cannot therefore be enforced, we answer, that, as it is claimed to be a final order, based upon valid proceedings, and rights are attempted to be acquired thereunder, it is better to give the supervisory court author-ity to vacate and set aside such void entry, than to remit the

complaining party to some other remedy more difficult to himself, and more vexatious to all concerned. The law ought not to favor a circuity of action. Section 540, *supra*, gives the district court full power to reverse, vacate or modify any final order of a board of county commissioners; and the more irregular and improper the order, the stronger the reason for the exercise of the power conferred.

The facts in this case show, that on July 6th 1874, one Sebastian Wertzberger, and fourteen others, filed a petition with the county clerk of Wabaunsee county to have a certain road laid out. The petition itself did not show that all, or any, of the signers were householders. On the presentation of the petition the following proceedings were had:

"JULY SESSION, 1874.—Road petition of Sebastian Wertzberger taken up, and the following persons appointed viewers: J. P. Gleich, Wm. Strasses, and Joseph Hensel, to meet at the house of S. Wertzberger, Friday, August 7th, 1874."

At the September session of the board of county commissioners for 1874, the following additional proceedings were had, as appears from the journal:

"Report of viewers on Wertzberger road taken up. Report approved, and road ordered opened, and damages allowed as follows, to-wit: M. M. Muhlenbacker, $15.00; Peter Muhlenbacker, $15.00; Margaret Muhlenbacker, $15.00; J. L. Muhlenbacker, $7.50."

The road was ordered to be laid out through the premises of the defendant in error, J. L. Muhlenbacker; but the record does not show that Muhlenbacker ever appeared before the board of commissioners, or the viewers. A certain written claim for damages, signed "J. L. Muhlenbacker," was in the possession of the viewers, and was filed in the county clerk's office, but it nowhere appears that the defendant ever signed such claim, or even authorized it to be presented or filed, or that he had any connection therewith.

The district court, upon the hearing of the petition in error of said J. L. Muhlenbacker, "ordered and adjudged that the proceedings and orders of the county board in locating and opening said road as a public highway, be an-

nulled, vacated, rendered wholly void and of no effect, and that Muhlenbacker have judgment for costs." The judgment of the court below was correct. The record should have established the fact that there was some finding by the county board that at least twelve of the signers of the petition were householders, or in some way this should have appeared in the case before the board assumed authority to appropriate the property for the road. The fact that the petition was signed by twelve householders of Wabaunsee county, was a jurisdictional one. The legislature has seen fit to require that, before the board of county commissioners of a county can proceed to exercise the authority to locate and open roads, under the law of 1874, ch. 108, a petition signed by twelve householders must be presented. This is a precedent condition. A failure to comply with this precedent condition would make all subsequent proceedings without authority of law. This court has already held, "that it is not absolutely necessary, in order to make the road valid, that the *petition itself* should show upon its face that the signers are householders." *Willis v. Sproule,* 13 Kas. 257. But the record should somewhere show this fact, before the viewers are appointed. It may be shown by affidavit filed with the county clerk; or it may be shown upon the hearing of the petition, by oral evidence. But some entry or record thereof must be made. In this case, the county board do not seem to have considered the question at all; and in the absence of any showing to that effect, we cannot assume that the petition was signed by twelve householders of the county of Wabaunsee. The general rule applicable to such inferior jurisdictions as boards of county commissioners, is, that in their proceedings they are to be held to the strict limits of their authority, as conferred and prescribed by the statute. When jurisdiction is obtained, of course we should be liberal in reviewing all subsequent proceedings.

The judgment will be affirmed.

All the Justices concurring.