REBECCA D. REISNER v. W. B. STRONG, et al.

1. RIGHT OF EMINENT DOMAIN, *Exercise of; Rule.* A *de facto* railroad corporation may exercise the right of eminent domain; and, as a rule, the legal existence of a *de facto* corporation can be questioned only by the *state*, in a *direct* proceeding instituted for that purpose.

2. INJUNCTION, *Facts Showing no Cause of Action for.* Where a number of individuals in good faith attempt to organize a corporation for the purpose of building a union depot and several short lines of railroad to connect such depot with various railroads in that vicinity, and to accomplish this purpose fully it is almost indispensably necessary to construct a railroad track across the corner of the plaintiff's premises, which premises are near the contemplated depot, and on which premises the

plaintiff has a large hotel, (the railroad track, however, not interfering with the hotel,) and a map, with plans and profiles of said depot and railroad tracks is duly filed in the county clerk's office, and the company commences to build its depot and also commences proceedings to obtain under the right of eminent domain a small piece of the plaintiff's land over which said railroad track is to be constructed, and, after damages are assessed to the plaintiff in such condemnation proceedings, she (the plaintiff) takes an appeal from such assessment to the district court, and the defendants continue to construct their depot, expending many thousands of dollars therein, *and after the depot is nearly completed, and while the plaintiff's said appeal is still pending in the district court,* the plaintiff commenced this action in equity *to perpetually enjoin* the defendants from ever constructing or using said contemplated railroad track across her premises, *held,* under the circumstances of this case, that the plaintiff cannot maintain the action, even though the defendants may not be a railroad corporation, or any corporation, but only a copartnership or individuals.

### *Error from Atchison District Court.*

ACTION brought by *Reisner* against *Strong* and nine others as individuals and as an assumed corporation, to perpetually enjoin them from ever constructing or using a certain contemplated railroad track across a portion of one of the plaintiff's lots in the city of Atchison. May 14, 1880, the plaintiff applied to the district judge, at chambers, for a temporary injunction, and upon a hearing had, such injunction was refused. Of this ruling *Reisner* complains, and brings it here for review. The facts appear in the opinion.

*Greenlee & Jackson,* for plaintiff in error :

The statute nowhere authorizes an incorporation for depot or union-depot purposes. If the right be claimed under § 5, ch. 23, Comp. Laws 1879, then such a corporation has no statutory power to exercise the right of eminent domain. 9 How. (U. S.) 172; 11 Ohio St. 228. The attempt to incorporate as a depot and railroad company cannot evade the statute. It must be a railroad company in fact. If chartered as a railroad company under said chapter 23, then it fails to state the places from and to which it is intended to run. (5 Ohio St. 276.). The statute nowhere gives authority

to merely lay tracks for lease. The proceedings to condemn must be in good faith, and for a purpose authorized by statute.

The whole length of the longest line condemned is not more than 600 feet. The purpose is not to own or operate locomotives and cars, nor to transport passengers and property.

Strong reasons exist for giving a union depot company power to take private property for its use; but this power has not been given by the legislature. In case of doubt as to the right to take private property, it is to be resolved against the right. (Mills on Eminent Domain, § 48; 10 Kas. 603.)

The validity of the charter and the power to take private property can be contested by injunction, by him whose property is about to be taken. (17 Ohio, 340; Field on Corp. § 494.) This may be done in condemnation proceedings. (11 Ohio St. 228; Comp. Laws 1879, ch. 23, § 86; and 8 Kas. 410.)

If the company does not acquire the right under the statute to take private property, this right is not given it because the plaintiff has exercised her statutory right to appeal. Her appeal was taken after the assessment of damages, and nothing therein amounts to an estoppel.

*W. W. Guthrie,* for defendants in error:

1. Sec. 558 of the code affords the only pretense of authority which can be claimed by the plaintiff. As this section applies only to cases of judgment or final order of a judicial tribunal, its benefits cannot be invoked in this case, for no judgment or final order has been made, and the action of a judge in vacation is not that of a judicial tribunal. It will not be pretended that § 567 has any application to the case.

2. Neither was plaintiff, upon the most favorable showing, entitled to the equitable interposition of the district judge or of this court. The showing made upon the hearing of the application for a temporary injunction, shows that she has a

perfect legal remedy, by obtaining a full assessment of damages, and this upon the appeal proceedings invoked by her; that for six months she has been prosecuting her appeal to recover such damages, which appeal is still being prosecuted by her; that the progress of the work has been a matter of daily observation to her; that her only claim for equity relief is, that while she is fully protected, she does not want to be protected, and because she has the power to do so, demands the right to stop a great public enterprise just on the eve of its consummation.

We believe that courts of equity do not administer their power for relief of plaintiffs litigant in such cases. While equity relief will be afforded to prevent the invasion of private rights, the party claiming such relief must act with reasonable promptness, and before the adverse party acting in good faith shall have gone so far that it would be inequitable to interfere with his progress.

Here (upon her claim), plaintiff had the election of remedies. By her appeal she chose that of damages, and thereon defendants had the right to believe that no interference would be made with their taking the property, and upon this reliance they have expended thousands of dollars, and just as the enterprise is nearly completed, plaintiff, while prosecuting the remedy of her first election, institutes a second proceeding to enjoin the taking of the property for which she is demanding full compensation in damages in her first action.

3. Under § 86, ch. 23, Gen. Stat., an adequate remedy at law is afforded to plaintiff under authority of § 4, art. 12, of the constitution, and (at least when invoked by a party) it is the exclusive remedy to which such party is entitled. (36 Ind. 454, 459, 462; 42 id. 276; 6 id. 223; 67 Ill. 191; 31 Ohio St. 621; 28 Iowa, 469, 471; 7 id. 248, 252; 14 Gray, 490.)

4. The plaintiff cannot call in question the power of the depot company as expressed in its charter, and say that the

statute did not authorize such power, but did authorize the corporation with certain other powers. The right to call in question the exercise of such power (it being expressly authorized by the statute) is vested in the state alone. (24 Mich. 389, 395; 36 Ind. 460.)

5. Sec. 5, ch. 23, Gen. Stat., authorizes private corporations to be formed for forty different purposes, embracing, it . is believed, every conceivable business enterprise. The right to organize for one purpose does not interfere with such organization being made for as many kindred or assimilating purposes as may be desired.

This organization was organized to build a union depot and railroad tracks to connect such building with the different trunk railroads whose business it was desired to secure. No. 27 expressly authorizes the purpose of the erection of such depot building; and No. 15, the purpose of the construction and maintenance of a railway.

The right to "construct a railway" includes the right to start from an initial point, and of connecting therewith any number of tracks; and the right to construct tracks does not, as argued by plaintiff's counsel, make the organization a pretense and a fraud, because the corporation does not intend to use only its own locomotives and cars upon its tracks. The construction and maintenance of a railway are not defeated because the corporation does not propose exclusively to operate its railway thus constituted and maintained. Construction is building; maintenance is keeping built; operation is using what is built.

Upon the ground alone that the depot company is unauthorized to condemn, the injunction should have been refused when it appeared, either—first, that the plaintiff had appealed; or, second, had remained silent while the company had upon the faith of its charter, and such condemnation, prosecuted its enterprise to a substantial degree of progress, which would be lost.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Rebecca D. Reisner against W. B. Strong and others as individuals, and as an assumed corporation, under the name of the "Atchison Union Depot and Railroad Company," to perpetually enjoin the defendants from ever constructing or using a certain contemplated railroad track across a portion of one of the plaintiff's lots in the city of Atchison, Kansas. A temporary injunction was asked for at the commencement of this action, which temporary injunction was refused, and this refusal is the only ruling of the court below of which plaintiff below, now plaintiff in error, complains. Was this ruling erroneous?

The facts of the case are substantially as follows:

For a long time the plaintiff has owned the north 25 feet of lot number 13 and lot number 14 in block number 21, in the city of Atchison, lot number 14 being north of and contiguous to lot number 13, upon which lot number 14 the plaintiff has a large three-story hotel, which she and her husband keep, and at which they reside. On November 9, 1878, the individual defendants, or a portion of them, attempted to organize a corporation under the name of the "Atchison Union Depot and Railroad Company," for the purpose of erecting a union depot in the said city of Atchison, and of constructing railroads with one or more tracks to connect said depot with the several railroads that were then, or might thereafter be, constructed to or within said city, and with any bridge across the Missouri river at said city, and to maintain and operate such depot and railroads. On July 28, 1879, said depot and railroad company filed in the office of the county clerk a map, and plans and profiles of said depot and railroads. The depot was to be built (and was afterward built) on the opposite side of Second street, near to, and west from, said hotel; and one of said railroads was to be built across the southeast corner of said north 25 feet of said lot 13, taking from said southeast corner of said

25 feet, a right-angled triangular piece of ground, 23 feet on one side, 35 feet on the other, the hypothenuse being nearly 42 feet, and the piece of ground being distant from the hotel 32 feet. On August 2, 1879, proceedings were commenced for the purpose of taking and appropriating, among other real estate, said triangular piece of ground, under the right of eminent domain. Commissioners were duly appointed by the judge of the district court; these commissioners duly appraised and assessed the damages to the plaintiff's property at $279, and made their return on September 18, 1879. This amount the defendants "duly deposited" with the county treasurer, but just when is not shown. Of this assessment of damages the plaintiff complained, and on September 27, 1879, she appealed to the district court, filing her appeal in the district court on October 6, 1879, where the case is still pending and undisposed of. Work was commenced in November, 1879, for the erection of said depot; but the greater portion of the work was not done until after March 1, 1880. Work was also done on the plaintiff's property, (said triangular piece of ground,) during the winter (January and February) of 1880. On May 14, 1880, when this suit was commenced, the depot was nearly completed. The depot is a large structure, being 235 feet long east and west, and 130 feet north and south, in the shape of an L, the southeast corner being two stories high, with a mansard roof, and the rest of the building being one story high, with a mansard roof. On May 14, 1880, this action was commenced to perpetually enjoin the defendants from building said railroad or railroad track, across said triangular piece of ground. This track was to connect said depot with the Atchison & Nebraska railroad, and this track was almost indispensably necessary for that purpose. On account of the Missouri river, said depot and said railroad could scarcely be connected except by constructing said track over said triangular piece of ground. When this suit was commenced, a temporary injunction, temporarily restraining the construction and use of said railroad track, was

also asked for, but on May 20, 1880, such temporary injunction was refused by the court below. The plaintiff now claims that this refusal was erroneous, for the following reasons:

"1. The said supposed or assumed corporation, never had any legal or valid existence, and therefore had no power to act in taking the plaintiff's property under the right of eminent domain.

"2. If, however, it was a corporation, still it was a mere depot corporation, and not a railroad corporation, and for that reason had no power to take the plaintiff's property under the right of eminent domain.

"3. The defendants having no power to act except as a copartnership or as individuals, have no power to take the plaintiff's property under the right of eminent domain."

We are inclined to think that the defendants are such a *de facto* railroad corporation, that they may exercise the right of eminent domain and thereby take the plaintiff's said property under such right, although there may be some defects in their organization as a railroad corporation; and that a *de facto* railroad corporation may exercise such right, see *McAuley v. C. C. & I. C. Rly. Co.*, 83 Ill. 347; *Aurora, &c., Rld. Co. v. Miller*, 56 Ind. 88. As a rule, the legal existence of a *de facto* corporation can be questioned only by the *state* in a *direct* proceeding instituted for that purpose. But we do not think that it is really necessary to determine in this case the legal *status* or power of the present depot and railroad company. Whether the company is a corporation or not, and whether it is a railroad corporation or not, we think the plaintiff has so dealt with it as to debar her from the equitable relief of injunction which she now seeks. Under the circumstances of this case, it would be highly inequitable and unjust to deprive the defendants of the use of said triangular piece of land — they of course paying the plaintiff, as they expect to do, all just and reasonable damages and compensation therefor.

I. In September, 1879, when the defendants were in good faith attempting to obtain the right to the use of the plain-

tiff's property under the right of eminent domain, the plaintiff, instead of commencing some legal proceeding to test the defendants' right to invoke the aid of the right of eminent domain, rather recognized such right by taking an appeal to the district court from the assessment of the commissioners in the condemnation proceedings. She at that time had a choice of remedies, provided, however, that the condemnation proceedings were invalid, as she now claims that they are. She could, if she had so chosen, have recognized the defendants' right to take her land under the right of eminent domain, and simply have taken an appeal to the district court, as she did, as to the amount of damages which she believed she was entitled to recover; or, she could at once have commenced such an action as she has now commenced, to enjoin all further proceedings under the right of eminent domain; or, when the defendants took possession of her land she could have commenced an action for all the damages which she might have sustained; or, an action in ejectment and for damages. But she chose the first-mentioned remedy; and while pursuing that remedy, she cannot institute another. (*Ney v. Swinney*, 36 Ind. 454.) She cannot proceed with her action for damages for the use of the land, and also have her action to perpetually enjoin the defendants from the exercise or enjoyment of such use. And that she is really the plaintiff on an appeal taken by herself in a condemnation proceeding, see *Gulf Rld. Co. v. Owen*, 8 Kas. 410, and *St. J. & D. C. R. Rld. Co. v. Orr*, 8 Kas. 419. When a party takes an appeal in a condemnation proceeding, he really abandons all other remedies until the appeal is disposed of. It would indeed be wrong to authorize the prosecution of two remedies for the same thing at the same time; for costs must necessarily accrue in both cases, saying nothing about the other expenses and inconveniences necessarily incidental to such proceedings. The reservation in the appeal bond of the right to question or contest the validity of the condemnation proceedings amounts to nothing either in fact or in law, and it is not necessary to further consider it.

II. Taking the whole case together, the plaintiff is not entitled to the equitable relief which she now seeks. It would not only not be equitable for her to obtain such relief, but it would be highly inequitable. The plaintiff has known nearly from the beginning, the entire object and purpose of said depot and railroad company. And as she has seen the company in good faith, as a supposed corporation, with a supposed legal right and supposed power, building a large and costly railroad depot near her hotel, expending thousands and thousands of dollars in its construction, enhancing the value of her property immensely, and doing all this with the expectation of connecting its depot with the Atchison & Nebraska railroad, by means of an indispensably necessary railroad track, constructed across a small triangular piece of the plaintiff's premises, and she making no legal objection thereto until the depot is nearly completed, but on the contrary seemingly acquiescing therein, by merely taking an appeal in the condemnation proceedings to the district court so that she might get larger damages for her land taken, and where such question of damages is still pending, she cannot now resort to a court of equity to aid her in depriving the company of the use of said railroad track, and consequently of the full use of its said depot building, which she by her acts has really encouraged to be built.

The judgment of the court below will be affirmed.

All the Justices concurring.