THE BOARD OF COMMISSIONERS OF LYON COUNTY v. J. Q. KISER.

1. ROAD DAMAGES; *Appeal; Practice.* K., a land-owner, appealed to the district court from an award of road damages made by the county commissioners. A transcript of the record of all the proceedings before the commissioners was filed as a part of the appeal papers. No motion was made by the commissioners to dismiss the appeal. The parties went to trial, and each offered testimony as to the damages done by the road to the farm, but the record of the road proceedings was not formally offered in evidence. *Held,* That it could not be adjudged that a verdict giving damages to K. was against the evidence, on the ground that no proof was made that any road had been legally established across K.'s land.

2. VERDICT ALLOWING DAMAGES; *When Not Set Aside.* Where the single question for the jury is the amount the land-owner is entitled to recover for his land taken for a public road, and the court instructs that the damages, less the benefits, should be the verdict, but does not in terms state that if the benefits exceed or equal the damages, the verdict should be in favor of the county, *held,* no ground for setting aside a verdict in favor of the land-owner of $748, especially when no instruction was asked by the county in respect thereto, and when upon the testimony the jury could not fairly have done otherwise than find that the land-owner was entitled to recover.

3. MISSTATEMENT OF LAW BY COUNSEL, *How Treated.* A judgment will seldom, if ever, be reversed simply because counsel in his argument to the jury, before the giving of the instructions, misstates, without correction by the court, the law applicable to the case. If the misstatement is material and likely to prejudice, the opposing counsel should apply for a special instruction correctly stating the law.

### *Error from Lyon District Court.*

ACTION by *Kiser* against the *Board of Commissioners,* for damages claimed upon the laying-out of a new road. Judgment for the plaintiff, at the March Term, 1881, of the district court. *The Board* brings the case here. The opinion states the facts.

*Sterry & Sedgwick,* for plaintiff in error.

*Scott & Lynn,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: The action in the court below was an appeal from an order of the plaintiff in error, the board of commissioners of Lyon county, allowing to the defendant in error damages upon the laying-out of a new road. Upon the trial of this appeal, defendant recovered a judgment in the sum of $748. This judgment the county commissioners challenge, and allege three grounds of error. The first is, that upon the trial there was no evidence offered to the jury that a road had been established according to law over defendant's land. Counsel for the county contend that the case is triable in the district court, precisely as though Kiser had brought an original and independent action against the county to recover for the value of land it had taken; that to sustain such an action, there must be evidence that the county had taken the land, and how much it had taken. The objection is not good. The transcript of the record of the proceedings of the county commissioners was filed in the district court at the time of taking the appeal, and became a part of the record in the case. It showed all the proceedings in respect to the location, and laying out of the road, together with

1. Road damages; appeal; practice.

an award to Kiser of $168.50, as his damages. Now the appeal takes up simply the award of damages. It is based upon the assumption that the commissioners have established a road, and have awarded to appellant a certain sum as damages for his land taken. This is all that the statute contemplates shall go up for inquiry on the appeal. (Comp. Laws of 1879, ch. 89, § 7; *Gulf Railroad Co. v. Owen,* 8 Kas. 410; *Railroad Co. v. Orr,* 8 Kas. 419; *Railroad Co. v. Boswell,* 34 N. J. L. 474; *Ney v. Swinney,* 36 Ind. 460.) The award of damages is based upon the fact that a road has been established. The appeal implies that a road has been established. If this is a mistake, and there is no award to be appealed from, the remedy of the county commissioners was by a motion to dismiss the appeal; while on the other hand, if they go to trial upon the merits of the appeal, they waive any inquiry as to whether, in fact, there was a road established, for which damages had been awarded. It is generally true, that where a party appeals from an award of damages, he cannot, pending the trial of the appeal, question the validity of the road proceedings, (*Reisner v. Strong,* 24 Kas. 410;) and upon the same principle, when the county commissioners go to trial upon an appeal from an award made by themselves, they will not be heard to say that they have established no road, and therefore no damages ought to be awarded.

Again, upon the trial there was plenty of testimony which, if it did not tend directly to prove the establishing of the road, at least recognized the fact that a road had been established, and was based upon that assumption. Several witnesses said that they knew where the road ran, and the county surveyor testified that he surveyed the road in question and named the amount of land it took, and the rods of fence that the appellant would have to build. Counsel on both sides offered testimony as to the amount of damages done by the road to the farm. One of the county commissioners testified that he considered the road a benefit rather than an injury, and that he was one of the board that allowed appellant the damages appealed from. This testimony was received

without objection, and if it was not testimony which legally proved the establishing of the road, it was testimony sufficient to sustain the verdict, when the question is raised for the first time in this court. (*Railroad Co. v. Wilder*, 17 Kas. 244.)

A second error complained of is in the instructions. It is said that the court took from the jury the question whether the benefits exceeded the damages, and instructed them that they must find for the appellant some amount, leaving to them the inquiry only as to the amount. We do not so understand the scope of the instructions. It was proper to charge that the simple question was as to the amount the appellant was entitled to recover. The matter of damages was the only question before the jury. The court instructed as to the nature of the damages for which he was entitled to compensation, as well as to the nature of the benefits which were to be deducted therefrom, and then that the amount of damages less the amount of benefits should be the verdict. It is true that it was not stated in express terms, that if the benefits exceeded or equaled the damages the verdict should be nothing in favor of the appellant, but no instruction to that effect was asked; and upon the testimony it would not have been fair and right for the jury to return no damages. A number of witnesses was placed upon the stand and examined, and with one exception they all testified that the plaintiff's farm received damages, some placing the amount very largely in excess of that awarded by the jury; that single witness — a county commissioner, who testified that he considered the road of more benefit than injury to appellant — admitted on cross-examination that he was one of the board that allowed the damages appealed from. The jury, in view of the testimony, could not fairly have done otherwise than award some damages. With such testimony in the case, with no application for a special instruction, it would seem that it was straining a point to hold that the jury were misled by the language used by the court, or that the latter so invaded the province of the former as to commit material error. The very amount of the verdict

2. Verdict allowing damages, when not set aside.

proves that there was no error in the charge of the court in this respect.

A third, and last objection is, that the counsel for the appellant in his argument to the jury stated an incorrect proposition of law, and that the court in its subsequent charge failed to correct this error. This allegation of error must also fail. Counsel, in arguing a case to the jury before the court has instructed them, has a right to express his views as to the law applicable to the case, the bearing he supposes it has upon the testimony, and the inferences deducible therefrom; and we have never understood that, because a counsel in his argument was mistaken as to the rules of law applicable, a verdict of the jury in his favor ought to be set aside. The jury take the law from the court, and so far as any special instructions upon any particular questions are desired, it is the duty of counsel to apply for them. If one counsel mis-

3. Misstatement of law by counsel, how treated.

states and the other deems the misstatement material, and likely to mislead, it is his duty to ask the court in the instructions to correct the error. If the general law applicable to the case is correctly stated by the court in its charge, and it gives all proper special instructions that are asked, it is seldom error justifying a reversal that the court did not also correct before the jury every misstatement of the rules of law made by counsel in their arguments. In this case the court stated all the general rules that needed to be stated, and so stated them that the jury could not have been misled, and, whether the proposition of law advanced by counsel in his argument was correct or not, there was nothing in it to work any substantial injury to the rights of the present plaintiff in error.

These being all the questions in the case and in them appearing no error, the judgment will be affirmed.

All the Justices concurring.