G. Y. FULKERSON v. THE BOARD OF COMMISSIONERS OF HARPER COUNTY.

NEW TOWNSHIP, *Refusal to Set Off; No Appeal.* Where the board of county commissioners refuses to grant a petition to set off and organize a new township, one of the petitioners has no right to appeal from such refusal to the district court.

*Error from Harper District Court.*

THE opinion states the facts. April 3, 1883, judgment for *The Board of Commissioners* and against *Fulkerson,* who brings it here for reversal.

*Finch & Finch,* and *I. P. Campbell,* for plaintiff in error.

*J. Paul Grove,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: On July 15, 1882, G. Y. Fulkerson and fifty-five others petitioned the board of county commissioners of Harper county, Kansas, "to set off and organize a new township" in that county. July 17, 1882, the board refused to grant the prayer of this petition. Afterward, G. Y. Fulkerson took an appeal to the district court, provided he could take an appeal in such a case. He founded his right to take the appeal upon § 30 of the act relating to counties and county officers, and upon the claim that he was "a signer of said petition, and a resident, householder, tax-payer, and voter, within the boundaries of said proposed new township." April 3, 1883, the county attorney of Harper county moved to dismiss the appeal, on the grounds that Fulkerson could not properly take an appeal, and that no appeal lies from the board of county commissioners to the district court in such a case. The district court sustained this motion, dismissed the appeal, and rendered judgment for costs in favor of the board of county commissioners and against Fulkerson; and Fulkerson now brings the case to this court, and asks for a reversal of said judgment.

Section 16, chapter 25, of the act relating to counties and county officers, provides, among other things, as follows:

"SEC. 16. The board of county commissioners of each county shall have power, at any meeting, . . . *Sixth*, to set off, organize, and change the boundaries of townships in their respective counties; to designate and give names therefor, and to fix the time and place of holding the first election therein."

Section 24, of said chapter, reads as follows:

"SEC. 24. The board of county commissioners shall not set off or organize any new township, unless it shall contain territory equal to at least thirty square miles, and at least two hundred inhabitants within the limits thereof, except when an incorporated city or town is included in the limits of said township; nor shall any township be set off and organized, unless a petition be first presented to the board, signed by at least fifty electors resident therein."

Sections 28 and 29, of said chapter, provide for the allowing of accounts against the county and the issuing of orders therefor.

Section 30, of said chapter, reads as follows:

"SEC. 30. Any person who shall be aggrieved by any decision of the board of commissioners, may appeal from the decision of such board to the district court of the same county, by causing a written notice of such appeal to be served on the clerk of such board, within thirty days after the making of such decision, and executing a bond to such county with sufficient security, to be approved by the clerk of said board, conditioned for the faithful prosecution of such appeal and the payment of all costs that shall be adjudged against the appellant."

Under the constitution and statutes of the state of Kansas the board of county commissioners has various powers — legislative, administrative, executive, discretionary, and *quasi* judicial. Many of their powers are of a purely political character, but some of them, as before stated, are of a *quasi* judicial character. Some of the statutes conferring power upon the county commissioners are mandatory, while other statutes conferring power upon them are purely directory,

and the powers conferred are often entirely discretionary. The constitution provides, among other things, that "the legislature may confer upon tribunals transacting the county business of the several counties such powers of local legislation and administration as it shall deem expedient." (Const., art. 2, § 21.) The legislature has conferred upon the board of county commissioners many of such powers. Now will an appeal lie from the board of county commissioners to the district court upon every "*decision*" made by the board in the exercise of any of its various powers? The plaintiff in error claims that it will; and he makes this claim solely and entirely upon the broad language of § 30 of the act relating to counties and county officers. He says that "*any person* who shall be aggrieved by *any decision* of the board of commissioners may appeal from the decision of such board to the district court." And he claims that a decision may be made by the board in the exercise of one power as well as in the exercise of any other power. This is true. The board must make decisions in the exercise of its legislative powers as well as in the exercise of its *quasi* judicial powers. And even in the exercise of its discretionary powers, or any of its political powers, it must also make decisions. And in any single matter that may come before the board it may make decisions. Many of such decisions may be preliminary or intermediate; and will the plaintiff in error claim that an appeal lies from each and every one of such decisions? Suppose that the board in the present case, instead of refusing to grant the petition of the plaintiff in error, and the fifty-five others who signed the same, had simply decided to postpone the matter until the next meeting of the board; and suppose the plaintiff in error had felt aggrieved at such decision: could he have taken an appeal to the district court? And could he have continued to take appeals from every decision made by the board with reference to the matter? In the present case, Fulkerson alone appeals. Now has each one of the other fifty-five signers of the petition a like appeal? In the establishment of a county road, the board may make one hundred,

or even a much greater number of decisions preliminary, intermediate and final; and will an appeal lie from each of such decisions? It seems to us there must be a limit somewhere; that the legislature never intended that an appeal should lie from every decision made by the board of county commissioners. Then what are the limitations upon the privilege of persons to take appeals from the decisions of the board of county commissioners? The district court is simply *a court*, and exercises only *judicial* power; hence we would suppose that appeals from the board of county commissioners to the district court must be limited to such cases as require the exercise of purely judicial powers; and therefore that when the board of county commissioners exercises political power, or legislative power, or administrative power, or discretionary power, or purely ministerial power, no appeal will lie. We do not think that the refusal to grant a petition to set off and organize a new township can be said to be the exercise of judicial power; and it can hardly be said that the granting of such a petition would be the exercise of judicial power. There is no provision in the statutes or in the constitution designating who shall be plaintiffs or who shall be defendants in the case, or whether there shall be any plaintiffs or defendants; no provision authorizing pleadings, or evidence, or trials, or judgments; nothing even squinting towards the idea that any action of the board upon a petition to set off and organize a new township is the exercise of judicial power.

This is a new question in this court; and therefore we shall refrain from giving definitions further than is necessary for the decision of the case. We shall simply decide in this case that where the board of county commissioners refuses to grant a petition to set off and organize a new township, one of the petitioners has no right to appeal from such refusal to the district court.

The judgment of the court below will be affirmed.

All the Justices concurring.