## A. J. HOWELL *et al.* v. B. C. REDLON.

PUBLIC ROAD—*Petition—Jurisdiction.* Where the petition for the laying out of a public highway, presented to the board of county commissioners, shows upon its face that more than twelve resident householders of the county have signed the same, and the journal of the board of county commissioners shows that the board made the finding "that the law had been substantially complied with" and ordered the road to be laid out in accordance with the petition and report of the viewers, *held*, that it cannot be said, because there is not embraced in the journal of the proceedings of the board any statement that evidence was offered to establish the allegations of the petition, that the board acted without jurisdiction or authority.

*Error from Crawford District Court.*

THE opinion states the case.

*Ed. Van Gundy, J. T. Bridgens,* and *B. S. Gaitskill,* for plaintiffs in error.

*John T. Voss,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On May 3, 1886, B. C. Redlon filed his petition in error in the district court of Crawford county to vacate an order of the board of county commissioners of that county locating and opening a public highway. The petition in error alleged that the board of county commissioners had no jurisdiction of the matter set forth in the record, and that the petition for the road to the board was wholly insufficient to authorize the establishment of a public highway. Upon the hearing of the case, at the August term, 1887, the district court found error in the proceedings of the board of county commissioners, and reversed the proceedings relating to the location and opening of the highway. The principal petitioner for the road and the board of county commissioners excepted, and bring the case here for review.

It appears from the record that on October 5, 1885, there was filed in the office of the county clerk of Crawford county, addressed to the board of county commissioners of that county, a petition signed by more than twelve resident householders of the county, stating that the public convenience required the locating of a county road. The petition specified the place of beginning and the place of the termination of the road. With the petition a sufficient bond was filed. On the 14th day of October, 1885, the petition was presented and considered by the board of county commissioners. The board approved the bond and made a finding that "the law had been substantially complied with," and appointed viewers to meet on the 14th day of November, 1885, and proceed to view the road. Notice was served upon B. C. Redlon of the time and place of the meeting of the viewers. At the meeting of the viewers, Redlon presented his application for $1,000 damages, on account of the location of the road through his premises. The

viewers assessed the amount of his damages at $60. Subsequently, the viewers filed their report, showing that the road was practicable, and recommended that it be located and surveyed as called for in the petition. The viewers also reported that in their opinion the establishment of the road was a public necessity. At the meeting of the board of county commissioners on the 14th day of January, 1886, the favorable report of the viewers was fully considered, and as it appeared that proper notices and advertisements had been made and filed, and the board, being satisfied that the road would be of public utility, ordered the road to be established and surveyed and a plat thereof to be recorded. It further ordered that the road should be opened for public travel. It also directed that a county warrant be issued to B. C. Redlon for $60, being the amount of damages allowed him by the viewers.

It is somewhat difficult to determine upon what ground the district court found error in the proceedings of the board of county commissioners. It is claimed, however, on the part of the petitioner in the court below, that the board acted without jurisdiction, because it does not appear from the record, in direct terms, that the commissioners found "the petition to be a legal one." The board did make the finding "that the law had been substantially complied with," and also made the finding "that the road would be of public utility." The petition recites that "your petitioners are resident householders of Crawford county." It is signed by fifteen persons. The record does not show that any evidence, by affidavit or otherwise, was offered to the board of county commissioners showing that the persons whose names were attached to the petition actually signed the same, or that they were resident householders.

We do not think this is necessary. It is not requisite that the record of the board of county commissioners should embrace the evidence offered upon the hearing of petitions for roads or other matters. It is sufficient that the record shows that the commissioners had jurisdiction. The petition alleged that the signers are resident householders, and sufficient names

are attached to the petition; therefore we cannot say, in the absence of the evidence, that the board acted without jurisdiction, or that it received no evidence to support the petition presented. It may be that the board of county commissioners was acquainted with all the signers of the petition, and knew that the facts therein alleged were true. Even if the board of county commissioners acted strictly as a court in laying out the road, then the omission of the finding "that the petition was a legal one" would not be sufficient to compel a reversal of its proceedings. (*L. L. & G. Rld. Co. v. Comm'rs of Douglas Co.*, 18 Kas. 169.) In this case, the record shows that there was a general finding, and that "the law had been substantially complied with." This is sufficient, under the petition presented, as all the other proceedings were regular, upon which to predicate the order laying out the road.

This case differs from *Comm'rs of Wabaunsee Co. v. Muhlenbacker*, 18 Kas. 129, because in that case the petition did not show that any of the signers were resident householders, and the record wholly failed to supply the fatal defect. Further, in that case, Muhlenbacker never appeared before the board of county commissioners or the viewers. In that case, no jurisdiction was shown. In this case, the petition alleges sufficient facts to give the board of county commissioners jurisdiction to lay out and open the road, and therefore its jurisdiction affirmatively appears from the record.

We have considered the other objections to the road, but do not perceive that any of them are tenable.

The judgment must be reversed, and the cause remanded for further proceedings.

All the Justices concurring.