F. FLAGEL, *Appellant*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF JACKSON *et al.*, *Appellees.*

No. 16,774.

SYLLABUS BY THE COURT.

HIGHWAYS — *Condemnation — Appeal—Jurisdiction—Election of Remedies.* Where a landowner presented a claim for damages for laying out a road through his land, and appealed from an assessment and allowance thereof made by the board of county commissioners, and at the same time appealed under section 2094 of the General Statutes of 1909 from the order establishing the road, an order of the district court dismissing the latter appeal is not erroneous.

Appeal from Jackson district court. Opinion filed January 7, 1911. Affirmed.

*Guy L. Hursh,* for the appellant.
*M. A. Bender,* for the appellees.

The opinion of the court was delivered by

BENSON, J.: A road was laid out by order of the board of county commissioners, upon petition, notice and view in the usual manner provided by statute. The appellant owned land upon the route of the road, and was given notice as required by section 4 of the road law. (Laws 1874, ch. 108, § 4, Gen. Stat. 1909, § 7277.) He presented a written claim for damages, which was considered by the viewers, and damages were allowed thereon, but not for the amount claimed. The viewers made their report to the board in favor of the establishment of the road, with their assessment of damages.

After hearing the objections of the appellant the board made an order that the road be established and opened, and allowed damages to the appellant as recommended by the viewers. The appellant gave notice of an appeal from the decision establishing the road, and also from the allowance of damages. The appeals were perfected and filed in the district court, where a motion was made to dismiss the appeal taken from the order establishing the road. The motion was sustained and that appeal was dismissed. The appellant asks for a review of that order.

The objection to laying out the road appears to have been based principally upon the claim that it was a city-line road, so-called, and should have been laid out under section 9 of the statute (Laws 1903, ch. 411, § 6, Gen. Stat. 1909, § 7282), and that viewers should have been appointed from the city. The petition was for the location of a road parallel with the south line of the city of Holton and one inch therefrom. No part of the road was taken from territory within the city. It is argued by the appellees that the provision for the appointment of viewers from the city is for the benefit of property holders therein who might be affected by the road, and does not apply where the road is entirely outside of the city. But it is not necessary to consider that question. The appellant claimed damages before the viewers and before the board, and by his appeal from the award still claims damages, to be assessed in the district court. It is fundamental that he can not be heard to object to the establishment of a road for the opening of which he also claims damages. (*Reisner v. Strong,* 24 Kan. 410.) The appeal on the allowance of damages limited the further investigation to that matter. (*Comm'rs of Lyon Co. v. Kiser,* 26 Kan. 279; *Comm'rs of Woodson Co. v. Heed,* 33 Kan. 34; *Briggs v. Comm'rs of Labette Co.,* 39 Kan. 90; *Cowley County v. Hooker,* 70 Kan. 372; *Russell County v. Sumner,* 71 Kan. 845.)

"When a party takes an appeal in a condemnation

proceeding, he really abandons all other remedies until the appeal is disposed of. It would, indeed, be wrong to authorize the prosecution of two remedies for the same thing at the same time." (*Reisner v. Strong,* 24 Kan. 410, 418.)

If it should be conceded that the claim of damages and the appeal from the award did not operate as a waiver of objections to laying out the road, it must still be held that the court was without jurisdiction to try the matters involved in the appeal from the order establishing the road. That appeal was taken under section 2094 of the General Statutes of 1909 (Gen. Stat. 1868, ch. 25, § 30). While the language of the statute is broad, it is limited in its application; the district court exercises only judicial power, and the establishment of roads involves legislative and administrative power. (*Fulkerson v. Comm'rs of Harper Co.,* 31 Kan. 125; *Kent v. Comm'rs of Labette Co.,* 42 Kan. 534.) It is true that the jurisdiction of a district court to review on proceedings in error an order of county commissioners establishing a road has been upheld (*Comm'rs of Wabaunsee Co. v. Muhlenbacker,* 18 Kan. 129; *Comm'rs of Chase Co. v. Cartter,* 30 Kan. 581; *Howell v. Redlon,* 44 Kan. 558), but that remedy was not pursued in this instance. An appeal was taken under the statute referred to, which, had it been sustained, would have required a trial *de novo* of the matters heard and determined by the board in laying out the road. (Gen. Stat. 1868, ch. 25, § 31, Gen. Stat. 1909, § 2095, Jus. Civ. Code, § 122.) Such functions are beyond the jurisdiction of a district court.

The order appealed from is affirmed.