No. 22,915.

*In re* PETITION FOR CONSTRUCTION, ESTABLISHMENT AND MAIN-
TENANCE OF DRAINAGE DITCHES (J. H. COFFMAN, Petitioner,
*Appellee*, v. HELEN FRANCES HALL et al., Respondents, *Ap-
pellants*).

### SYLLABUS BY THE COURT.

1. DRAINAGE DISTRICT — *County Commissioners Exercise No Judicial
Functions.* A board of county commissioners does not exercise ju-
dicial functions in sustaining a demurrer to a protest against an ap-
plication for the establishment of a drainage ditch under sections
3874-3889 of the General Statutes of 1915.

2. SAME—*Right of Appeal from County Commissioners.* Section 564 of
the code of civil procedure does not give a right to an appeal from
such an order as is mentioned in the first paragraph of this syllabus.

3. SAME—*Order of an Administrative Board Not Res Judicata.* An or-
der made by an administrative board or officer does not preclude a
subsequent order on the same matter by the same board or officer on
a proper application therefor.

Appeal from Saline district court; DALLAS GROVER, judge.
Opinion filed June 24, 1920. Dismissed.

*David Ritchie*, of Salina, for the appellants.

*Frank T. Knittle, Ralph Knittle, W. B. Crowther*, and *F. C.
Norton*, all of Salina, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: On November 25, 1919, J. H. Coffman, pro-
ceeding under sections 3874-3889 of the General Statutes of
1915, filed his petition with the board of county commissioners
of Saline county, asking that the board establish and main-
tain drainage ditches on the southeast quarter of section 7 in
Elm Creek township, in that county. Afterward to that pe-
tition the respondents filed their protest and plea, to which
Coffman filed a demurrer, which was sustained by the board
of county commissioners. From the order sustaining the de-
murrer the respondents appealed to the district court, where
the order of the board of county commissioners was affirmed.
From the judgment of the district court the respondents ap-
peal to this court.

Coffman v. Hall.

The protest and plea of the respondents, in substance, alleged that in 1891 the board of county commissioners of Saline county, after notice had been duly served on all parties interested, established a ditch and drain across the southeast quarter of section 7 in Elm Creek township in Saline county. The respondents further alleged:

"Your said protestants further say, that all the lands involved in the petition of Nov. 25th, 1919, are the same as the lands involved in the said petition of July 17th, 1891, and that all of the parties owning the lands involved in the petition of November 25th, 1919, are either the same persons, or holding their title under the persons who were parties to said proceeding, under the petition of July 17th, 1891."

1. The respondents argue that the board of county com-missioners, in the hearing and determination of the protest and demurrer, were exercising judicial functions. It is true that in the determination of the question presented the board of county commissioners must have considered the legal effect of the protest and of the demurrer thereto; and it is true that when the board comes to make an order establishing or refusing to establish the ditch, it must exercise sound judgment and discretion, but that will not render the power exercised by the board a judicial one. Many, if not all, administrative boards and officers, when acting under the law, must exercise judgment and discretion and often come to conclusions on disputed questions of fact and of law; but it has not been supposed that on account of the necessity for determining such questions these administrative boards and officers have been exercising judicial powers or functions. The board of railroad commissioners and its successors, the public utilities commission and the court of industrial relations, the charter board, the "blue sky" board, the bank commissioner, the insurance commissioner, the tax commission, and the state auditor, are administrative boards and officers, and they often exercise powers partaking of a judicial nature, or *quasi* judicial powers; but they have not, by reason of the exercise of those powers, been exercising judicial functions. In the administration of county affairs, the board of county commissioners, the county superintendent, and the county auditor exercise like judgment and discretion in performing the several duties that have been imposed on them by the legislature; but in the ex-

ercise of these powers, although involving judgment and discretion and the determination of questions of fact and of law, these officers have not been exercising judicial functions.

Probably the closest parallel to the present situation that can be found is the power exercised by the board of county commissioners in establishing public roads. The authority conferred by the statute on the board of county commissioners is practically the same in each case; the duties performed are very similar. If the powers exercised in the one instance are judicial in their nature, they must be in the other; and likewise if the powers are not judicial in the one, they must not be in the other. In *Flagel v. Jackson County,* 83 Kan. 709, 112 Pac. 622, an appeal was taken from the order of the board of county commissioners establishing a road. There this court said:

"That appeal was taken under section 2094 of the General Statutes of 1909 (Gen. Stat. 1868, ch. 25, § 30). While the language of the statute is broad, it is limited in its application; the district court exercises only judicial power, and the establishment of roads involves legislative and administrative power. *Fulkerson v. Comm'rs of Harper Co.,* 31 Kan. 125; *Kent v. Comm'rs of Labette Co.,* 42 Kan. 534.) It is true that the jurisdiction of a district court to review on proceedings in error an order of county commissioners establishing a road has been upheld (*Comm'rs of Wabaunsee Co. v. Muhlenbacker,* 18 Kan. 129; *Comm'rs of Chase Co. v. Cartter,* 30 Kan. 581; *Howell v. Redlon,* 44 Kan. 558), but that remedy was not pursued in this instance. An appeal was taken under the statute referred to, which, had it been sustained, would have required a trial *de novo* of the matters heard and determined by the board in laying out the road." (p. 711.)

The conclusion reached in the Flagel case is supported by *Fulkerson v. Comm'rs of Harper Co.,* 31 Kan. 125, 1 Pac. 261, and by *Kent v. Comm'rs of Labette Co.,* 42 Kan. 534, 22 Pac. 610. In *Auditor of State v. A. T. & S. F. Railroad Co.,* 6 Kan. 500, the court used this language:

"The assessment of the property of the State, being then an incident to the taxing power, which is wholly legislative and not judicial, may well be ascertained by agents appointed under the law; but in no sense under our constitution can such agents be considered judicial officers. It is true, that their duties require of them judgment and discretion; but this is also true of most of the duties of ministerial and executive officers, but this does not make them judicial officers, nor constitute them courts, or render their conclusions judicial acts." (p. 507.)

(See, also, *Ross v. Comm'rs of Crawford Co.,* 16 Kan. 411; *Comm'rs of Lyon Co. v. Sergeant,* 24 Kan. 572; *The State, ex rel., v. Mohler,* 98 Kan. 465, 471, 472, 158 Pac. 408.)

The board of county commissioners was not performing a judicial function when it sustained the demurrer to the protest of the respondents.

2. The respondents argue that they had the right to appeal to the district court under section 564 of the code of civil procedure (Gen. Stat. 1915, § 7468). What has been said concerning the powers exercised by the board of county commissioners in establishing a ditch necessarily determines that the respondents had no right to an appeal under that provision of the code. There are two other statutes that probably should be noticed before this question is finally disposed of. One of these is section 2568 of the General Statutes of 1915, which reads:

"Any person who shall be aggrieved by any decision of the board of commissioners may appeal from the decision of such board to the district court of the same county, by causing a written notice of such appeal to be served on the clerk of such board within thirty days after the making of such decision, and executing a bond to such county with sufficient security, to be approved by the clerk of said board, conditioned for the faithful prosecution of such appeal, and the payment of all costs that shall be adjudged against the appellant."

However, the conclusion reached in *Flagel v. Jackson County,* 83 Kan. 709, 112 Pac. 622, disposes of the respondents' right to appeal under this section of the statute. The other law to which reference must be made is section 3880 of the General Statutes of 1915, which provides for an appeal from the board of county commissioners to the probate court in proceedings of this nature. This statute was under consideration in *Shreves v. Gibson,* 76 Kan. 709, 92 Pac. 584, where it was held that the statute "is not void as an attempt to devolve legislative functions upon a judicial tribunal" (syl. ¶ 1) for the reason that the appeal is to a commission to be appointed by the probate court, and not to the court itself. The respondents did not avail themselves of the right given by section 3880, and the court does not know of any other statute giving to them a right to appeal from the order of the board of county commissioners.

3. Although what has been said necessarily disposes of this appeal and compels its dismissal, the respondents present another question which will be noticed. They contend that the order establishing a ditch on the land in question in 1891 precludes an order establishing another ditch on the same land at a subsequent time. The presentation of an application to any of the administrative boards or officers of the state or county and the action of the board or officer thereon, either granting or denying the application, do not preclude a second application of the same parties to the same board or officer asking for the same, or another, or an additional order, nor preclude such board or officer from making an order thereon. The order made in 1891 did not preclude the board of county commissioners from making another order on the petition out of which this appeal arose.

The appeal is dismissed.