Evans v. Edelbrock.

---

No. 22,207.

*In re* Appeal from BOARD OF COUNTY COMMISSIONERS OF JOHNSON COUNTY in Matter of Vacation and Relocation of Road (B. R. EVANS, *Appellant*, v. JOHN EDELBROCK et al., Petitioners, *Appellees*).

SYLLABUS BY THE COURT.

1. ROADS AND HIGHWAYS—*Vacation and Relocation of Road—Jurisdiction of County Commissioners.* Where a valid petition for the laying out of a road, or the vacation of one and its relocation on another line, is presented to a board of county commissioners and allowed, its determination as to the practicability of the proposed road, including the convenience and public utility of the same, involves the legislative and administrative powers of the board, and the exercise of these functions are beyond the jurisdiction of the district court, and no appeal is allowed from the decision.

2. SAME—*Opening of Road—Claim of Damages—Right of Appeal.* Matters pertaining to the damages sustained by a landowner through the location or relocation of a road are judicial in character, and an appeal from orders in the allowance of damages may be taken.

3. SAME—*Claim for Damages—Waiver of Jurisdiction to Lay Out Road.* One who claims damages for the location or relocation of a road cannot be heard to object to the order making such location or relocation.

4. SAME—*Pending of Mandamus Proceedings.* The pendency of a proceeding in mandamus against a township trustee to compel the opening of a road does not prevent a board of county commissioners from allowing a petition to vacate the road or from establishing the same on another line.

Appeal from Johnson district court; JABEZ O. RANKIN, judge. Opinion filed February 7, 1920. Affirmed.

*A. C. Wilson,* and *J. B. Wilson,* both of Lawrence, for the appellant.

*C. L. Randall,* of Olathe, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: Did the trial court commit error in the dismissal of an appeal taken by B. R. Evans from an order of the board of county commissioners of Johnson county, vacating a road and establishing it on another line? is the question presented upon this appeal.

Many years ago the A. R. Miller road was duly established, but in 1914 it was vacated, and what is known as the George Thoren road was established. For some reason this road was not opened for general use. It is suggested that before it could be of practical public utility the construction of two expensive bridges was necessary. In 1918, a petition was presented to the board to vacate the Thoren road and reëstablish the Miller road. A number of those who had petitioned for the Thoren road signed the petition asking for the relocation. The petition was found to be regular and legal, the bond presented in connection with it was approved, and viewers were appointed. Shortly before this action was taken Evans had brought a proceeding in mandamus to compel the township trustee to open the Thoren road, to which an answer was filed by the defendant, and the action was pending when the county commissioners allowed the petition and made the order vacating the Thoren road and relocating it on the Miller line. The plaintiff, Evans, and some others, remonstrated against the relocation of the road, but after the viewers met and reported favorably on the relocation, the plaintiff presented a formal claim for the damages sustained by him through the relocation. Instead of pressing this demand for damages, the plaintiff appealed from the order reëstablishing the Miller road. When this appeal came up for hearing the district court dismissed the appeal, and of this ruling plaintiff complains.

The plaintiff challenges the legality of the action of the county commissioners, but it appears that the statutory re-

quirements for the relocation were closely observed. The petition and bond were sufficient, the viewers were legally appointed, and notice of the view was given to interested parties, who had an opportunity to be heard. The protest of the plaintiff was heard, and it being without avail, he asked for an award of the damages alleged to have been sustained. The board undoubtedly had jurisdiction to make the order that was made, and if anything was lacking in the matters of notice to him, it was waived by his appearance, remonstrance and claims made before the board. However, he contends that he was entitled to have the orders of the board reviewed on appeal upon the grounds that they were unreasonable, arbitrary and subversive of private rights, and his contention is that tne vacation of the Thoren road and the reëstablishment of the Miller road was both unreasonable and unwarranted. Whether the relocation was practical and convenient and the new road was of public utility and could be made without unreasonable expense, were questions which called for an exercise of the legislative powers of the board. It has been decided that the vacation, relocation and establishment of roads largely involves the legislative and administrative powers of the board, and that these functions are beyond the jurisdiction of the district court. (*Flagel v. Jackson County,* 83 Kan. 709, 112 Pac. 622; *Wilson v. Cloud County,* 87 Kan. 798, 126 Pac. 642. See, also, *Fulkerson v. Comm'rs of Harper Co.,* 31 Kan. 125, 1 Pac. 261; *Kent v. Comm'rs of Labette Co.,* 42 Kan. 534, 22 Pac. 610.) Nothing in the cited case of *Nash v. Glen Elder,* 74 Kan. 756, 88 Pac. 62, militates against these holdings. Matters of damages resulting from the establishment or relocation of a road are judicial in character and as to these an appeal is allowed. The appeal taken by the defendant, however, does not involve the allowance of damages, as it appears that his claim for damages has not yet been decided. If the appeal taken did involve anything of a judicial character, such as irregularity of proceedings or lack of notice, it is not disclosed by the record, and even if these were defective, plaintiff's demand for damages would operate as a waiver of such objections. It has been determined that a remonstrant "can not be heard to object to the establishment of a road for the opening of which he also claims damages." (*Flagel v. Jackson County,* 83 Kan. 709, 710, 112 Pac. 622, and cases there cited.)

Much is made of the pendency of the mandamus proceeding, which was brought to require the township trustee to open the Thoren road, and there is a contention that it is an obstacle to the powers of the board of county commissioners to entertain a petition to vacate the road or make any order allowing a relocation. The county commissioners were not a party to that proceeding, and there was no attempt to make an order to enjoin them from acting on the relocation. That proceeding in no way operated to restrain the board, and its pendency did not justify a refusal to act upon a valid petition and to take the further steps which the statute requires.

The judgment is affirmed.