No. 24,861.

Franklin D. Balliet, *Appellant,* v. Wallace Harner et al., as The Board of County Commissioners of the County of Clay, *Appellees.*

### SYLLABUS BY THE COURT.

Public Highway — *Appropriation of Additional Land — Injunction Denied.* Although the responsibility for making and keeping township highways safe for public travel is vested in the township board, the acquisition of additional land for such purpose is a statutory proceeding which requires appropriate action by the board of county commissioners, and the exercise of the county board's authority under the statute (Laws 1921, ch. 220) may not be stayed or interfered with by injunction, in the absence of fraud, abuse of discretion or other gross impropriety.

Appeal from Clay district court; Fred R. Smith, judge. Opinion filed January 12, 1924. Affirmed.

*George L. Davis,* and *W. T. Roche,* both of Clay Center, for the appellant.

*C. B. Griffith,* attorney-general, and *William M. Beall,* county attorney, for the appellees.

The opinion of the court was delivered by

Dawson, J.: Plaintiff brought this action to enjoin the board of county commissioners of Clay county from taking a small V-shaped piece of land off the east side of his farm to make a spillway for a deep ditch on the west side of a township road which ran north and south alongside the farm.

Plaintiff alleged and the evidence in his behalf tended to prove that on the west side of the road, next to his farm, there was a ditch or waterway which carried surface water northward into a creek, that the road was 50 feet wide, that encroaching on the east side of the road to the extent of 8 or 10 feet was a hedge, which, if removed, might give ample space for both roadway and ditch without appropriating any of plaintiff's land for the ditch.

A copy of the official publication notice of the commissioners' proceedings was attached to plaintiff's petition. It recited that the board had duly considered the matter of widening and altering the road for the purpose of eliminating a dangerous place therein, and with other proper recitals and findings appropriated a triangular tract of plaintiff's land, approximating one-half acre, and ordering an appraisement thereof at a date and hour fixed in the notice.

For the defense, among other matters, it was shown that the ditch deepened as it ran northward until at one place opposite plaintiff's farm it was 9 feet 8 inches deep, and 28 feet wide, 14 feet of its width being on plaintiff's farm; and the opinion of the county engineer was that the best way to fix the ditch and to eliminate its dangerous possibilities to public travel was to make a ditch on plaintiff's land to lead the surface water off the highway into a near-by creek and fill up the existing ditch and put a cement face on the fill where the water was turned into the new ditch.

The injunction was denied and plaintiff appeals.

Plaintiff argues that if the hedge which encroached on the east side of the highway were removed there would be room for the highway and a sufficient ditch without appropriating any of his land. But the matter was one where the defendant board, after consulting such expert advice as was available, and being fully advised, had to exercise its own best judgment and discretion; and when no abuse of discretion or other gross impropriety was shown, the court was not authorized to interfere. In *Photo Play Corporation v. Board of Review*, 102 Kan. 356, 359, 169 Pac. 1154, the limits of judicial interference with the acts of official boards is well stated:

"So, here, the duty and discretion placed in the board of review being administrative in character and nonjudicial, the court is not warranted in substituting its judgment for that of the board. If the board should act fraudulently, or so arbitrarily and capriciously as to amount to fraud, a resort to the courts may be had, and as against such action an aggrieved party may have redress. . . .

"There have been repeated holdings that the decisions of a board or other tribunal upon which the legislature has conferred the exercise of nonjudicial power, if made in good faith, are not open to judicial control or review, and that in such a case a court may go no farther than to prevent the abuse of the powers so vested. In respect to the powers conferred on a municipal body it has been said that 'the courts have no supervisory power over the policy of municipal legislation.' They can only interfere to curb action which is *ultra vires* because of some constitutional impediment or lack of antecedent legislative authority, or because the action is so arbitrary, capricious, unreasonable and subversive of private right as to indicate a clear abuse rather than a *bona fide* exercise of power. [Citing many cases.]"

Plaintiff cites chapter 222 of the Laws of 1921, which gives the county board power to take deposits of gravel, stone and other suitable materials to construct or repair roads, but the board's power to eliminate dangerous places on highways is not limited to the

Balliet v. Clay County.

use of such materials. In chapter 220 of the Laws of 1921 the county board is specifically authorized to alter or widen highways for the purpose of eliminating dangerous places, and certainly the eliminating of a wide and deep ditch which is cutting into the highway is an imperative duty resting on all public officials who have any responsibility for keeping public roads safe for public travel.

But the point is made that this particular highway was a township road, not a county road, and that the duty to make and keep it safe for public travel rested on the township board and not on the county board. (Laws 1917, ch. 264.) Very true, but where condemnation proceedings to acquire additional land for a safe and adequate public road must be invoked, the jurisdiction in all such proceedings is vested in the county board. (Laws 1921, ch. 220.) This seems to be the necessary interpretation of the act. After instructing the county board how to proceed, it provides that where damages to owners or private property have to be awarded—

"The amounts so allowed shall be paid from the general fund or the road fund of the county in case of county roads and from the township road fund on township roads."

It follows that notwithstanding the responsibility for making and keeping township highways safe for public travel is vested primarily in the township board, the acquisition of additional land for such purpose is a statutory proceeding which requires appropriate action by the board of county commissioners, and the exercise of such board's authority under the statute (Laws 1921, ch. 220) may not be stayed or interfered with by injunction, in the absence of fraud, abuse of discretion, or other gross impropriety.

Affirmed.