No. 26,729.

JAMES M. SMITH, *Appellant*, v. THE BOARD OF COUNTY COMMIS-
SIONERS OF RENO COUNTY, *Appellee.*

SYLLABUS BY THE COURT.

1. HIGHWAYS—*Vacation—Residence of Petitioners—Determination by County
   Commissioners.* In proceedings to vacate a road wherein the preliminary
   steps appear to be regular and an order of vacation made by the board of
   county commissioners, questions of whether the petitioners reside in the
   vicinity of the road, and the interests of the public justify the vacation,
   are for the determination of the board, and, in the absence of fraud or
   bad faith on the part of the board, the enforcement of its order will not be
   enjoined by the court.

2. INJUNCTIONS — *Pleading — Sufficiency.* The averments of plaintiff's peti-
   tion examined and it is held that it fails to state a cause of action for in-
   junction.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion
filed July 10, 1926. Affirmed.

*Carr W. Taylor*, of Hutchinson, for the appellant.

*Martin Aelmore*, county attorney, *Erskine Wyman*, assistant county attor-
ney, and *J. S. Simmons*, of Hutchinson, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: In this action James M. Smith sought to en-
join the board of county commissioners of Reno county from giving
effect to an order of the board vacating a township highway. The
petition presented by the plaintiff was attacked by a general de-
murrer which the court sustained, and from the ruling plaintiff ap-
peals.

In his petition he alleged that he is the owner of a tract of land
containing seven and one-half acres situated on the highway vacated
which is occupied by himself and family as a homestead. He
alleged that a petition was presented to the board signed by resi-
dent householders, eighteen in number, asking for the vacation of
the highway. Based on this petition the board appointed three
commissioners to view the road and report on the proposed vacation.
After notices had been posted, a view was made by the commis-
sioners and a written report filed to the effect that they took into
consideration the utility, convenience, inconvenience and expense

Highways, 29 C. J. pp. 523 n. 77, 530 n. 44, 533 n. 91. Injunctions, 32 C. J.
p. 320 n. 37.

which would result to the individuals as well as to the public from the vacation of the road, and they recommended that the prayer of the petition should be granted and the road vacated for the protection and benefit of the general public. Later the board met and approved the report of the viewers and ordered the vacation and the closing of that portion of the road north of the A. T. & S. F. Railway Company, and was proceeding to put the order into effect when this proceeding was begun. He further alleged that he is engaged in the dairy business and uses the land for dairying and gardening purposes, and that the closing of the road will seriously affect his business and occasion a heavy loss to him. He stated that the closing of the road will leave him without egress from his land north across the railroad tracks to a certain road which leads to the city of Hutchinson, and the closing of the road will depreciate the value of his premises at least fifty per cent. It is further stated that this township road has been open and maintained across the Santa Fe railroad tracks for about thirty-five years, is a well-traveled thoroughfare and is convenient for the use of the public, and that 140 persons within the township had signed a remonstrance against the closing of the road. He alleged that the railway company has without right taken possession of a part of this public highway and closed the same and is constructing tracks across the road. There is an allegation that several of the persons who signed a petition to close the road do not reside in the vicinity thereof and are not competent petitioners. That only five of those who signed live in the vicinity of the road, and he designates a number of petitioners who reside at different named places who are competent to sign, five in number, and that all the others reside in Broadview addition to the city, an addition not within the corporate limits of Hutchinson, and that none of these signers use the road and were not competent signers. He further alleged that the purpose in closing the road was not for the benefit of the public, but for the specific purpose of benefiting the railway company, and that the order of the board is void because no legal reason exists for closing it.

The averments of the petition disclose that the preliminary steps in the matter were regular and taken in conformity with the requirements of statutes for the vacation of roads. The petition upon which the board acted was signed by the requisite number of house-

holders of the township. It was found by the board to be sufficient. Commissioners were then appointed to view the road and after due notice the view was made and the commissioners reported in favor of the vacation. The report was approved by the board and the order of vacation made. It does not appear that plaintiff appeared before the board to question the proceedings, nor did he appeal from the order directing the vacation. After all proceedings had been taken and the final order made he brought this action to enjoin the enforcement of the order, and his main ground of attack is that the petitioners did not reside in the vicinity of the road. His pleading reveals that the petitioners resided in the township and not distant from the road. Other householders may have resided nearer the road than some of the petitioners, but the question of whether they resided in the vicinity was one to be determined by the board, and it found them to be legal petitioners. The subject was within the jurisdiction of that tribunal, and even if there were irregularities in the proceedings or mistakes of judgment, their order would not be open to collateral attack. (*Willis v. Sproule*, 13 Kan. 257; *State v. Horn*, 34 Kan. 556, 9 Pac. 208.) In the vacation of a road the board exercises legislative and administrative functions, and in some respects acts in a quasi judicial capacity. One of the questions it had to determine was whether the petitioners resided in the vicinity of the road, and assuming that some of them resided some distance from the road, it does not establish that they lived beyond its vicinity. It has been held that this expression is a relative one and may comprehend those living as far away as fifteen miles. (*Canaday v. Scott County*, 104 Kan. 785, 181 Pac. 121.) On the facts pleaded and of which judicial notice may be taken, it cannot be held that the petitioners resided beyond the vicinity of the road. There is no claim that the board acted in bad faith or was guilty of fraud in its action, and the subject being within its jurisdiction, its decision approving the report of the viewers that considering the "utility, convenience and inconvenience and expense which will result to individuals as well as to the public, if such a road shall be vacated, we hereby report that such road as described in such petition should be vacated for the protection and benefit of the general public," from which no appeal was taken, is beyond the control of the courts. (*Willis v. Stafford*, 84 Kan. 570, 114 Pac. 854; *Evans v. Edelbrock*, 106 Kan. 233, 187 Pac. 664.) While the vacation

of the road is a matter of some inconvenience to plaintiff in going to the city of Hutchinson, it is apparent that he is not without access to a highway reaching that place, and at the most it only lengthens the distance he is to travel to the city. It is an inconvenience sustained by others of the public, and it is urged that he does not sustain a special injury or have a special interest warranting the maintenance of an action by him. This question it is unnecessary to decide. Assuming that he has an interest, it is clear that the findings and order of the court are binding upon him, and that his petition fails to show a right to an injunction.

Something is said to the effect that the order was made for the benefit of the A. T. & S. F. Railway Company, and in his brief he states that that company has constructed many tracks across the road without condemnation or right. The railway company which had a right of way across the road could build additional tracks on its right of way without condemnation proceedings. It is said that the moving of cars back and forward over these tracks rendered the crossing a dangerous one, and was one of the reasons that prompted the petition for vacation and the order that was made. The matter of convenience and public welfare in this and other respects was submitted to the judgment of the board, and under the circumstances their order is binding and final. Not being a party to the action, the rights and responsibilities of the railway company over the crossing are not open to consideration. Neither are the township officers, upon whom the duty of closing the roads rests, parties to the action. The board has performed its functions in the vacation of the road, and since final action has been taken by it, it is difficult to see what effect an order of injunction against the board alone would have.

The order is deemed to be valid and the judgment of the court denying the injunction is affirmed.