No. 26,911.

MATTIE A. LEMEN et al., *Appellants*, v. THE KANSAS FLOUR MILLS
COMPANY, *Appellee*.

OPINION DENYING REHEARING.

SYLLABUS BY THE COURT.

EXECUTIONS — *Sale* — *Necessity for Appraisement* — *Statutes Construed.* The
provisions of the code relating to the appraisement of real estate which this
court held to have become inoperative because of the repeal of the section
requiring such appraisement—a condition to which the court applied the
term obsolete—were not repealed, and their reënactment without change in
the course of subsequent revisions of the code and the general statutes did
not change their status.

Appeal from Kiowa district court; LITTLETON M. DAY, judge. Opinion de-
nying a rehearing filed February 12, 1927. (For original opinion of affirm-
ance see *ante*, p. 114.

*A. W. Hershberger*, of Wichita, *Frank Doster* and *J. E. Addington*, both of
Topeka, for the appellants.

*T. A. Noftzger, George W. Cox, W. J. Masemore, R. L. NeSmith*, all of
Wichita, and *O. G. Underwood*, of Greensburg, for the appellee.

The opinion of the court was delivered by

MASON, J.: In 1893 as a part of the statute giving the owner a
right to redeem real estate sold at sheriff's sale, a section of the
code of civil procedure requiring the appraisement of realty taken
on execution was repealed. Another section forbidding a sale by
the sheriff for less than two-thirds of the appraisement, and several
other sections assuming the existence of an appraisement, remained
unrepealed. This court held in 1905 that notwithstanding the unre-
pealed provisions such as that in terms forbidding a sale for less
than two-thirds of the appraisement, no appraisal was required.
When the code was revised in 1909 the section requiring appraise-
ment in the case of all executions was not reinserted, but a section
relating to writs directing the sale of property previously taken in
execution and requiring the seizure of additional property if the
sheriff thought that already taken insufficient, was amended by add-
ing a requirement that he should cause the real estate to be ap-
praised. This court held, affirming the trial court, that the amend-

Executions, 23 C. J. p. 678 n. 2. Obsolete, 29 Cyc. p. 1324 n. 2. Statutes, 36
Cyc. p. 1085 n. 80.

ment just referred to affected only writs of the exceptional character indicated and that no appraisement was required in the case of the realty here involved, which was seized and sold on an ordinary execution.

In a motion for a rehearing the appellants ask a further elucidation of the grounds of our decision, with respect to a paragraph of the original opinion reading as follows:

"It is argued that the retention in the statute of the large number of references to an appraisement, all apparently assuming that one is to be made, shows a legislative purpose to that effect. That proposition was involved in *Armstead v. Jones,* supra, and the decision was against it. It is contended, however, that the reënactment of these sections in the revision of 1923, with the change already discussed, made in 1909, puts a different face on the matter and requires a holding to the contrary. This reënactment seems to us to show merely that the legislature saw no occasion for a change in the law as it stood, and we do not think it requires or justifies any different interpretation from that previously adopted." (*Lemen v. Kansas Flour Mills Co.,* ante, pp. 114, 117.)

It will be observed that the reënactment referred to in the quoted paragraph is that of 1923. In the motion for a rehearing the discussion in this connection seems to be directed largely to the code revision of 1909. This is mentioned because somewhat different questions are involved with reference to the two reënactments.

In the motion for a rehearing it is said:

"The legislature had repealed a section of statute leaving others cognate with it unrepealed. The court held that the unrepealed sections were appendant to the one repealed in such sense that they had become obsolete, that is likewise repealed. Subsequently the legislature reënacted the obsolete or repealed sections, as to one of them adding a new provision (R. S. 60-3413) in furtherance of the general policy of the law or the policy of the restored law or the policy of a particular section of it. Subsequently the legislature enacted an entirely new provision (R. S. 60-3439) in seeming recognition of the restoration of the appraisement policy of the old law. [As mentioned in the original opinion this enactment was in 1923, and the execution here involved was issued in 1921.] The court, however, dismisses these legislative enactments subsequest to the repeal by saying, 'they seem to [the exact language of the opinion is, "This reënactment seems to"—the reference being to that of 1923] show that the legislature saw no occasion for a change in the law as it stood,' and hence that, 'we do not think it requires or justifies any different interpretation from that previously adopted.' This is an impossible view to take."

We part company with the writers of the motion upon the proposition—the foundation of their argument—that the court in saying the unrepealed provisions of the code relating to appraisement were

obsolete, established that they had been repealed. The court had no
such thought. Quite possibly the word "obsolete" may not have
been the best selection to express the idea that these provisions were
inoperative but not entirely nonexistent. It was used, however, in
the sense in which it is defined in Bouvier's dictionary: "A term
applied to laws which have lost their efficacy without being re-
pealed." We conceive the provisions in question were in what
might be called a state of suspended animation. They were in the
statute ready for use whenever the provision on which they de-
pended was restored. If the legislature in revising the code had re-
inserted the section requiring appraisement or its equivalent, the
section forbidding a sale for less than two-thirds of the appraisal (as
well as other provisions dependent thereon) would at once have be-
come operative. Instead of this change being made, however, there
was added to the existing statute a provision that an appraisement
should be had in the exceptional kind of execution already described.
We think the intention and effect of this was to revive the operation
of the provisions relating to appraisement only with respect to ex-
ecutions of that character. The attention of the legislature having
been directed to the matter of appraisement, and it having chosen to
restore it only in a limited class of cases, we see no room to in-
terpret its course as reinstating the original law.

In the motion it is further said:

"The court says the reënactment of the repealed law did not make any
change from the law that followed its repeal. The repeal still stood, the sec-
tions still obsolete. If that was the case, why go through the form of reënact-
ing it?"

Again we think counsel err in saying the provisions which the
court spoke of as obsolete had been repealed. They were for the
time being inoperative for want of a provision for the appointment
and service of appraisers. The obvious answer to the question,
"why go through the form of reënacting" provisions in this condition
is that the legislature was revising in 1909 the code of civil pro-
cedure and in 1923 the General Statutes, reënacting each as a whole,
changing some sections and leaving others unchanged. The reënact-
ment of a section without change in the course of a revision does
not indicate as a matter of fact or of law a purpose to alter its
effect. But the statute specifically provides:

"The provisions of any statute, so far as they are the same as those of any

prior statute, shall be construed as a continuation of such provisions, and not as a new enactment." (R. S. 77-201, subdiv. 1; R. S. 77-112.)

By virtue of this rule statutes passed at different times which are included in the same revision without change continue their original relative status as to time of enactment and are interpreted in the light of their origin. (*Arkansas City v. Turner,* 116 Kan. 407, 226 Pac. 1009.)

It is urged that the conclusion of the court is inconsistent with the decision in *State, ex rel., v. Davis,* 116 Kan. 663, 229 Pac. 757. There it was argued that a statute included in the revision of 1923 was invalid because an act in the same words had been repealed in 1909 and its inclusion in the revision was an inadvertence. The court held that it was competent for the legislature to insert wholly new matter in the Revised Statutes, and that matter which had at one time been in the statutes, but which prior to the revision had been repealed, stood on no different footing. The supposed analogy to the present case appears to be based on the conception already discussed, that the provisions of the code which the court held inoperative because of the repeal of the section providing for appraisers and appraisement had themselves been repealed.

The motion for a rehearing is overruled.