No. 28,456.

Roy Breedlove and Clara Breedlove, *Appellees* and *Cross Appellants*, v. The Board of Commissioners of the County of Wyandotte and The Davidson Construction Company, *Appellants* and *Cross Appellees.*

(275 Pac. 379.)

Opinion filed March 9, 1929.

*J. E. McFadden,* county counselor, *Errett P. Scrivner* and *W. L. Wood,* all of Kansas City, for the appellants and cross appellees; *O. Q. Claflin, Jr.,* of Kansas City, of counsel.

*H. E. Dean* and *E. E. Martin,* both of Kansas City, for the appellees and cross appellants.

The opinion of the court was delivered by

Johnston, C. J.: This is an action of injunction brought by Roy Breedlove and his wife to enjoin the county commissioners of Wyandotte county and a construction company from proceeding with the improvement of a highway which it was alleged was being done without authority and which if completed would do irreparable damage to his farm, and for which he had no other adequate remedy.

An injunction was granted, and from the judgment defendants appeal.

It appears that in December, 1925, a petition was presented to the board of commissioners asking for the improvement of the road by grading, draining and surfacing it, according to plans, specifications and estimates approved by the state highway commission and by the United States officer if federal aid should be granted. The petition was signed by more than fifty-one per cent of the resident landowners within the benefit district, and the plaintiff was one of the signers. The petition and the subsequent steps in the project were taken under R. S. 68-701 and subsequent sections. On December 21, 1925, the petition was considered by the board and an order made declaring the improvement a public utility and directing the engineer to prepare plans. Due notice was given to persons interested in the proposed improvement that at a time fixed the board would hear any objections or complaints presented as to the improvement. At that time no complaints were presented, whereupon the board resolved that the type of road to be built would be bituminous macadam laid to the width of eighteen feet, and that fifteen annual assessments should be levied in payment of the improvement, and directed the submission of the action taken to the state highway commission. This was done, and on March 2, 1927, the approval of that commission was given. To carry out the plans and specifications of the county engineer which had been approved by the state highway commission, it was deemed necessary to acquire additional land for right of way and to secure adequate drainage for the road, as it was to be widened, altered, and relocated, and as the board was not able to obtain the necessary land from plaintiff by donation or purchase, at a reasonable price, proceedings in condemnation were instituted by the board. When the hearing was had the plaintiff appeared in person before the board. It was deemed necessary to take two and five-tenths (2.5) acres of plaintiffs' land, and this quantity was appraised at $500. A formal order reciting the various steps taken was entered. No appeal was taken from the order. The county engineer certifies that the plaintiff applied to him to have the plan of the road changed as to location, and his request was referred to the state highway commission, but the engineer of that commission after a personal inspection refused to change the plans.

On the trial plaintiff testified that he was not present when the

allowance of damages was made, but he did not testify that he was not notified of the meeting nor that he did not appear at the hearing. He further stated that he did not know what land was going to be taken, but that the land condemned was bottom land, the best part of his tract. The court found that in the prosecution of the improvement the defendants entered upon plaintiffs' land for the purpose of cutting a new channel for a creek through it, and to change the channel of what was a natural watercourse to a new channel for drainage purposes in connection with the improvement, and the court further found that it would greatly damage the plaintiffs. The specific ground for which injunction was granted was that the defendants had exceeded their authority in undertaking to change the channel of a creek and should be enjoined from so doing.

No appeal was taken from the award of damages, but the plaintiffs, five months after the contract for the improvement was let, sought to enjoin the board of county commissioners and the contractor from proceeding with the improvement. Plaintiffs argue that there were irregularities in the preliminary proceedings, but the trial court has found upon sufficient evidence "that all of the proceedings required by law to be had and done as preliminary to the making of said improvement, except the attempt to change or divert the channel of said creek, were valid although somewhat irregular." This finding eliminates all of plaintiffs' contentions as to the invalidity of the preliminary proceedings and leaves nothing of plaintiffs' objections for consideration except the authority of the board of county commissioners to divert the channel of the creek and the right to maintain injunction. The defendant contends with good reason that the board, an administrative and nonjudicial body, is vested with discretion in determining what is necessary for the improvement of the road, including changes to be made in it, and the necessity for the appropriation of additional land. It was competent for the board to secure proper drainage so that the road when complete would not be subject to overflow from the watershed in the vicinity, and which would protect the road when completed from injury or destruction, and that when the board exercises its discretion in this respect, there can be no judicial interference with that discretion in the absence of fraud or other gross impropriety. There was no finding or evidence of fraud nor of abuse of discretion on the part of the board. In a case where commissioners acquired land by condemnation for the

purpose of widening and altering a road so as to care for a deep ditch or waterway in order to eliminate dangerous places in the road, the plaintiffs insisted that the proposed improvement was unnecessary and illegal, that the purpose could be accomplished without appropriating any of plaintiffs' land, and he sought to stop the improvement by injunction. The court held that the law gave the board authority to make the alteration and improvement, that it was vested with discretion in the matter, and where they acted after consulting such expert advice as was available and exercised their best judgment and discretion, there could be no interference with their action where it was free from fraud, abuse of discretion or other gross impropriety. The conclusion was that the plaintiffs were not entitled to maintain injunction. (*Balliet v. Clay County*, 115 Kan. 99, 222 Pac. 132.) Here there being no proof of fraud or gross impropriety on the part of the commissioners, it must be assumed they acted in good faith, and their action if within legislative authority cannot be stayed or prevented by injunction. See, also, *Shanks v. Pearson*, 66 Kan. 168, 71 Pac. 252; *Photo Play Corporation v. Board of Review*, 102 Kan. 356, 169 Pac. 1154; *Evans v. Edelbrock*, 106 Kan. 233, 187 Pac. 664; *Smith v. Reno County Comm'rs*, 121 Kan. 444, 247 Pac. 1046.

It is contended and the trial court has found that there was a lack of legislative authority in the board to change a natural watercourse in the making of the improvement. Plaintiffs argue that the board has only such powers in this respect as are expressly conferred by the legislature, and that no such authority has been given. The board is granted full power to lay out and establish roads, to relocate, alter, widen or vacate an existing road, and to do what is necessary to eliminate dangerous places in the road, and if more land is necessary they are empowered to acquire it either by purchase, donation or condemnation, and to do what is essential to the proper construction of the road. (R. S. 68-114, 68-115.) No limitation is placed on the powers of the board in respect to land over which a waterway or creek may flow. If the location is such that the waterway would cross the road at a number of places and make necessary the building of several bridges or culverts, it would be economy and good public policy to procure additional land and divert the waterway over it, paying to landowners such damages as they may sustain. No reason is seen why the board under the general grant

of powers may not do so. Another provision of the statute recognizes that such power exists wherein it is provided that the county engineer who is appointed by the board and acts as an arm or agent of it, "to act for the county in all matters relating to the supervision of the construction, repairing, surfacing, resurfacing and maintenance of any roads, bridges or culverts or *anything pertaining to rivers, streams or watercourses,* for which the county pays any part of the cost thereof." (R. S. 68-502.) This provision contemplates that in the establishing, altering, straightening, relocating or improving roads, the board may exercise authority over creeks or watercourses and do what is necessary to the proper construction of the road where watercourses are involved. They may do anything necessary pertaining to such as building bridges, culverts or a new channel through which the water may be carried. There was ample authority for the board to condemn the land for the purpose mentioned, and the fact that a change of a watercourse was deemed necessary and that land was condemned in order to provide a new channel for it, and thus effect a proper construction of the road and also proper protection for it when improved and paved, cannot be regarded as an abuse of discretion, and having been done in the exercise of that discretion in good faith there was no warrant for interference by an injunction. A small parcel of land deemed necessary for the making of the road and its proper maintenance was condemned and an award of damages was made to plaintiffs. If they were dissatisfied with the amount awarded they could and should have appealed. (*Meehan v. Barber County,* 108 Kan. 251, 194 Pac. 916.) Instead of availing themselves of this adequate remedy they brought this injunction proceeding, which under the law was not appropriate or permissible.

We conclude that the judgment awarding an injunction was erroneous, and therefore the judgment is reversed and the cause remanded with directions to enter judgment for defendants.