No. 39,945

JAMES BOND, *Appellant,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF RUSSELL, KANSAS, and H. C. MCCONNELL, E. L. DOUGHERTY, and JOHN STIELOW, as members of the Board of County Commissioners of the County of Russell, Kansas, *Appellees.*

(290 P. 2d 1013)

Opinion filed December 10, 1955.

*Charles Boyle,* of Russell, argued the cause and was on the briefs for the appellant.

*Robert J. Dole,* county attorney, argued the cause, and *Harold R. Fatzer,*

attorney general, and *Paul E. Wilson,* assistant attorney general, were with him on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, J.: Plaintiff brought this action as a landowner and as a taxpayer to enjoin the defendant Board of County Commissioners of Russell County from proceeding in eminent domain, under the provisions of G. S. 1949, 68-114, to appropriate and pay for narrow strips of land, owned by himself and other taxpayers; lying adjacent to a certain township road; to be used in widening and constructing such road.

After a hearing, at which the rights of the parties were submitted on the verified petition and a resolution and order of the Board of County Commissioners, reciting all proceedings had in connection with the condemnation, including a finding it was necessary to condemn the land in question for the widening and proper construction of the township road involved, the trial court denied plaintiff's application for a temporary injunction. Hence this appeal.

It will simplify the issue to state, at the outset, that since the record in the court below discloses no proof, in fact no claim, of fraud, abuse of discretion or other gross impropriety on the part of the appellees in condemning the involved land under the statute in question their action, if within valid legislative authority, cannot be stayed or prevented by injunction. (See *Balliet v. Clay County,* 115 Kan. 99, 222 Pac. 132; *Breedlove v. Wyandotte County Comm'rs,* 127 Kan. 754, 275 Pac. 379.)

And with the rule stated it will further simplify such issue to establish existing provisions of the statute on which the validity of the challenged condemnation proceeding must stand or fall. They are to be found in G. S. 1949, 68-114, which, so far as here pertinent, reads:

*"When it is found necessary to lay out, relocate, alter, widen or vacate a road or highway for the purpose of* eliminating sharp turns or other dangerous places, *or for the proper construction of a highway,* or for the extension of a bridge or culvert, the board of county commissioners shall by order of said board lay out, relocate, alter or widen a public road and may vacate an existing road. All land required for the laying out, widening or altering of a road shall be acquired by the board of county commissioners by purchase or by donation: *Provided,* That if the owner or owners of the land shall refuse to sell or donate said land, the board of county commissioners are hereby authorized to exercise the right of eminent domain in the following manner: . . ." (Emphasis supplied.)

Appellant does not question the right of appellees to condemn land under the provisions of the foregoing statute for the purpose of eliminating sharp turns or other dangerous places in a highway. Rather his position is that by reason of the title of the statute as originally enacted their right to condemn land pursuant to its terms is limited strictly to the widening, altering or vacating of roads for those specific purposes and that the trial court's construction its provisions authorized appellees to widen the involved road other than for the purpose of eliminating sharp turns or other dangerous places therein, i. e., to widen it *for the proper construction* of such highway, renders the act unconstitutional.

In support of the foregoing position, which we pause here to note presents the all decisive question involved in this lawsuit, appellant directs our attention to section 16 of article 2 of the constitution of this state providing that no bill shall contain more than one subject which shall be clearly expressed in the title and then points out that G. S. 1949, 68-114, heretofore quoted, was first made a part of the law of this state by the 1921 legislature when it enacted chapter 220, Laws 1921, containing language identical with that now to be found in 68-114, *supra*, under the title "An Act relating to the elimination of sharp turns or other dangerous places in public roads."

After calling attention to the matters just mentioned appellant, in a long, extended and somewhat convincing argument, contends that since the title to chapter 220, Laws of 1921 is limited to "the elimination of sharp turns or other dangerous places in public roads" it cannot be expanded to include the proper construction of a highway, hence the Board of County Commissioners had no power or authority to widen the involved highway for that purpose in 1955, even though the body of the Act, as originally enacted, and the statute, as now in force and effect, expressly provides for such action. It is on this premise appellant bases his claim the construction given the statute (68-114, *supra*) by the trial court renders such statute unconstitutional and its judgment, denying the temporary injunction, erroneous.

To concede the showing made by appellant that the title of the Act (Laws of 1921, chapter 220), as originally enacted, was so limited in its scope that it could not be construed as including the widening of a highway for the purpose of the proper construction of a highway is very forceful and convincing, even to assume that his

contention with respect to the force and effect to be given the Act at that time is correct, does not mean that his position can now be upheld. By the provisions of section 1 of chapter 144 the legislature of 1923 adopted this statute (chapter 220, Laws of 1921), together with all other assembled sections referred to therein, under a new title, namely, "An Act relating to the Revised Statutes of 1923." That title has been held sufficient as not containing more than one subject and the revision itself as not including matter different from what is expressed in such title. See *The State, ex rel., v. Davis, Governor,* 116 Kan. 663, 229 Pac. 757, which, in effect, holds the involved statute even though it had been in fact invalid, if it could have been constitutionally enacted—and there can be no question concerning that fact—was given the force and effect of law by its adoption under the 1923 revision.

For other decisions of like import see *Kaw Valley Drainage Dist. v. Kansas City,* 119 Kan. 368, 371, 239 Pac. 760; *Lemen v. Kansas Flour Mills Co.,* 122 Kan. 574, 577, 253 Pac. 547; *State v. Freeman,* 143 Kan. 315, 318, 55 P. 2d 362.

The question whether defects in the original title of an Act were cured by the adoption of the Act itself under the 1923 revision of the statute has been passed upon expressly by this court on several occasions. See, e. g., *City of Wichita v. Wichita Gas Co.,* 126 Kan. 764, 768, 271 Pac. 270, where it is said:

". . . The title to the act of 1921 is drawn according to a form in very common use by the legislature, and if such form of title did not satisfy the requirement of section 16 of article 2 a very considerable part of all the legislation of this state would have to be held invalid. Another angle to this discussion is that the statute of 1921 was incorporated in the general revision of 1923, and now appears therein as R. S. 12-824. Therefore, in common with all other statutes included in that revision, it became immune to any attack based upon mere insufficiency of title, irregularity in previous legislative history, and such like formal defects. . . ." (p. 768.)

For other statements of like force and effect see *State v. Lebow,* 128 Kan. 715, 717, 280 Pac. 773; *State v. Gobin,* 134 Kan. 532, 534, 7 P. 2d 57.

In connection with the foregoing decisions it is interesting to note that even the title of the statute now under consideration (G. S. 1949, 68-114), as adopted by the legislature of 1923 (R. S. 1923, 68-114), is sufficiently inclusive to authorize the Board of County Commissioners to widen a road or highway for the purpose of its proper construction. The title of such Act as revised reads "Proceedings for changes in roads." This we may add is true not-

withstanding the fact, as appellant suggests, the Revisor of Statutes in compiling G. S. 1949 has seen fit to again change the title. It is the title in the revision, not in the compilation, that governs.

Other contentions advanced by appellant as grounds for reversal of the judgment are all based upon his erroneous concept of the status of the Act in question. For that reason they are devoid of merit and need not be mentioned or discussed.

The judgment is affirmed.